828 F.2d 8
 RICO Bus.Disp.Guide 6744
 Jeremey A. SIGMOND, a/k/a Jerome A. Sigmond, Plaintiff-Appellant,
v.
Philip E. BROWN; Joseph A. Berg; Benjamin B. Shearer;
Paul J. Malapira; Dennis Swanson; Marcus I. Brown;
California Chiropractic Association Health Service
Foundation Peer Review Committee, Defendants-Appellees.
 No. 86-6591.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 11, 1987.
Decided Sept. 18, 1987.
 
 Raymond P. Boucher, Los Angeles, Cal., for plaintiff-appellant.
 Rick A. Cigel, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before HALL, NOONAN and THOMPSON, Circuit Judges.
 PER CURIAM:
 
 I.
 
 1
 Plaintiff (Sigmond) timely appeals from the district court's grant of summary judgment for the defendants. Sigmond brought this action pursuant to section 1964(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Secs. 1961-68 (1982). Section 1964(c) establishes a private cause of action for treble damages for anyone "injured in his business or property by reason of a [defendant's] violation" of RICO. Sigmond, a chiropractor, contends that defendants, in league with a chiropractic peer review board, violated RICO section 1962(c) and that their violations injured him in his business and property interests.
 
 
 2
 A plaintiff in a RICO case must present proof of four RICO elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). The district court held that Sigmond failed to present sufficient evidence of these elements to withstand the defendants' motion for summary judgment. Sigmond v. Brown, 645 F.Supp. 243 (C.D.Cal.1986).
 
 II.
 
 3
 Summary judgment is appropriate if the nonmoving party who will bear the burden of proof at trial on an element essential to his claim fails to present sufficient evidence to establish a genuine issue of fact with respect to that element. California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir.). Moreover, Sigmond as the nonmoving party, must present "more persuasive evidence than would otherwise be necessary" if his claims are "implausible." Id. (emphasis in original).
 
 III.
 
 4
 On appeal, Sigmond contends that he presented to the district court sufficient evidence of the two or more "predicate acts" required for a showing of a "pattern of racketeering activity" to survive defendants' motion for summary judgment. See 18 U.S.C. Secs. 1961(5); see generally Sun Savings & Loan Assoc. v. Dierdorff, 825 F.2d 187, 191-94 & nn. 4-5 (9th Cir.1987); Franciscan Ceramics, 818 F.2d at 1469 & n. 1. We disagree.
 
 
 5
 Sigmond asserts that he presented evidence that defendants perpetrated several predicate acts of mail fraud, in violation of 18 U.S.C. Sec. 1341 (1982), and extortion, in violation Cal.Penal Code Sec. 518 (West 1970). Evidence of such acts would establish a genuine issue of fact for the trier of fact. But, for the reasons stated by the district court, we hold that Sigmond's offer of "proof" of the alleged acts was implausible and unsupported by the evidence presented. See Sigmond, 645 F.Supp. at 245-46.
 
 
 6
 Moreover, Sigmond failed to present any plausible evidence that the defendants' conduct deprived him of any property or money. The defendants' alleged predicate acts of mail fraud and extortion require proof of the loss of tangible property. See McNally v. United States, --- U.S. ----, 107 S.Ct. 2875, 2881-82, 97 L.Ed.2d 292 (1987) (under 18 U.S.C. Sec. 1341, mail fraud is "limited in scope to the protection of property rights" and defendants must be shown to have defrauded plaintiff of money or property; "intangible rights" are not protected); People v. Norris, 40 Cal.3d 51, 54, 706 P.2d 1141, 1143, 219 Cal.Rptr. 7, 9 (1985) (under Cal.Penal Code Sec. 518, extortion is defined, in relevant part, as "the obtaining of property from another"). Under Franciscan Ceramics, Sigmond has not met his burden as the nonmoving party. See Sigmond, 645 F.Supp. at 245-46; cf. Franciscan Ceramics, 818 F.2d at 1469-72. Sigmond's appeal is without merit; the district court's grant of summary judgment is
 
 
 7
 AFFIRMED.