**Claude R. MAGNUSON, Fred W. Garver, Larry R. Mohr, Petitioners–Appellees,**

v.

**UNITED STATES of America, Respondent–Appellant.**

**Nos. 87–2802 to 87–2804.**

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1988.
Decided Nov. 8, 1988.

David J. Ryan, Asst. U.S. Atty., Bradley L. Williams, Acting U.S. Atty., Indianapolis, Ind., for respondent-appellant.

James H. Voyles, Jr., Ober, Symmes, Cardwell, Voyles & Zahn, Don A. Tabbert, Tabbert & Ford, Indianapolis, Ind., for petitioners-appellees.

Before EASTERBROOK, MANION, Circuit Judges, and GORDON, Senior District Judge.*

MYRON L. GORDON, Senior District Judge.

On September 1, 1987, the district court granted the defendants' motion to vacate their sentences pursuant to 28 U.S.C. § 2255 and ordered their release from custody. The ruling in *McNally v. United States*, —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), was the foundation for the district court's decision. This court has jurisdiction of the government's appeal pursuant to 28 U.S.C. § 1291. We affirm.

The three defendants (two lawyers and a banker) were hired by the owners of very valuable properties located in Indianapolis to challenge what the owners perceived to be inflated tax assessments on their properties. The property owners' perceptions were quite accurate; the county assessors seemed to have purposely inflated the assessments in order to gain the attention of the property owners. In the course of obtaining significant reductions in the tax assessments (over twenty million dollars in reductions), the defendants caused tax bills to be mailed and also paid money to certain tax assessors in exchange for their promises not to object to or appeal any decisions lowering the tax assessments.

Following a seven week jury trial, each of the three defendants was convicted of conspiring to commit mail fraud and committing mail fraud in violation of 18 U.S.C. §§ 371, 1341 and 2; each was also convicted of racketeering in violation of 18 U.S.C. § 1952. Their convictions were affirmed by this court on January 16, 1987. *United States v. Garver*, 809 F.2d 1291 (7th Cir. 1987).

After the United States Supreme Court decided *McNally*, the defendants filed their § 2255 motions. They argued that their convictions, like the convictions of the *McNally* defendants, were improperly obtained because they were charged with and convicted of depriving the citizenry of purely intangible rights. In its order dated September 1, 1987, the district court held that the government had proceeded on the intangible rights theory and vacated the sentences.

■ The first issue presented is whether the rule in *McNally* may be invoked in a collateral attack on a conviction. Two courts of appeals have held that *McNally* applies retroactively. *United States v. Shelton*, 848 F.2d 1485, 1487 (10th Cir. 1988); *Ingber v. Enzor*, 841 F.2d 450, 453–54 (2d Cir.1988). We agreed with those circuits in *United States v. Keane*, 852 F.2d 199, 205 (7th Cir.1988), and retroactive application is also implicit in *Ward v. United States*, 845 F.2d 1459, 1461 (7th Cir. 1988). Today, we expressly hold that the rule announced in *McNally* is to be applied retroactively in a collateral attack on a conviction.

Since *McNally* applies retroactively, the second issue is whether the convictions

---

* Honorable Myron L. Gordon, Senior District Judge of the Eastern District of Wisconsin, is sitting by designation.

were properly obtained in light of *McNally*. The mail fraud statute was intended to reach schemes which were designed to deprive others of their property rights. *McNally, supra,* 107 S.Ct. at 2878–80. A mail fraud conviction may not stand if the "jury was not required to find that the scheme resulted in the government being deprived of money or property." *United States v. Gimbel,* 830 F.2d 621, 627 (7th Cir.1987) (footnote omitted). "[Reviewing courts] must look to the substantive allegations of the indictment and the jury instructions to determine whether the conduct alleged and necessarily found to have occurred by the jury constituted an offense." *United States v. Wellman,* 830 F.2d 1453, 1462 (7th Cir.1987). The inquiry is limited to a review of the case as it was presented to the jury and not how it might have been presented. *Ward v. United States,* 845 F.2d 1459, 1463 (7th Cir.1988).

■ The indictment in the case at bar consisted of seven counts; each defendant was charged with one count of conspiracy to commit mail fraud and three counts of mail fraud. The mail fraud allegations served as the predicate acts necessary to sustain the racketeering charge. Defendants Garver and Mohr faced an additional mail fraud charge. Defendant Magnuson was charged with obstruction of justice but was acquitted on that count.

In light of *McNally,* it is clear that the indictment failed to allege a proper basis for a mail fraud conviction. In each count of mail fraud, the defendants were charged with having devised a scheme to accomplish the following:

a. to defraud the citizens of Marion County and Center Township of their right to the loyal, honest, and impartial services of [public officials] in the performance of acts related to their public employment; and

b. to defraud the citizens of Marion County and Center Township of their right to have the business of the Marion County and Center Township conducted honestly, impartially, and free from corruption, bribery, conflict of interest, collusion, partiality, dishonesty, and fraud; and

c. to defraud the citizens of Marion County and Center Township of their right to have real estate property taxes assessed and collected free from corruption, bribery, conflict of interest, collusion, partiality, dishonesty and fraud.

Totally absent from the 24 page indictment are any allegations that Marion County, Center Township or the people of those localities lost any money or property. *Cf. United States v. Eckhardt,* 843 F.2d 989, 997 (7th Cir.1988), where the indictment contained a combination of readily separable theories. The indictment in the instant case sought convictions *only* for the deprivation of intangible rights.

The jury instructions followed the theme of the indictment. Specifically, the court instructed the jury that the "object of the scheme [to defraud] need not be money or property or any form of tangible property." Trial transcript vol. 27, page 22. The court further instructed the jury that:

One of the purposes of the mail fraud statute is to protect the integrity of the acts of public officials, and the right of the public to their honest and faithful services, from the temptation of any offer or promise of anything of value, with intent to influence any official act, whether the act be good or bad, desirable or undesirable.

Trial transcript vol. 27, page 204.

Given these instructions, it is wholly unrealistic to believe that the jury either found or was required to find a deprivation of money or property before rendering guilty verdicts.

Evidence was presented to the jury regarding the payment of bribe money to public officials. In its brief (at page 27), the government asserts that "the primary litigated issue was whether bribes were in fact paid." Whether tax revenues were lost was not an issue at the trial. The government does not point out any references to testimony regarding lost revenues, nor can we find such evidence. Curiously, the government relies on "Justice Stephens' [sic] dissent in *McNally* " to support

its argument that the receipt of a bribe can fulfill the "money or property" requirement. Government's brief, page 28.

Because the indictment, the evidence and the court's instructions to the jury permitted conviction under the mail fraud statute for conduct that deprived the public of its intangible right to honest government, the district court was correct in vacating the sentences of the defendants and ordering their release from custody.

The district court's order granting the defendants' motion to vacate their sentences pursuant to 28 U.S.C. § 2255 is affirmed.