**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Walter L. MITCHELL, Jr.,**
**Defendant–Appellant.**

No. 88–5732.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1988.

Decided Feb. 15, 1989.

See also, 9th Cir., 744 F.2d 701.

Maria E. Stratton, Talcott, Lightfoot, Vandevelde, Woehrle & Sadowsky, Los Angeles, Cal., for defendant-appellant.

Robert L. Brosio, Asst. U.S. Atty., Janet L. Goldstein, Sp. Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, WALLACE and BRUNETTI, Circuit Judges.

PER CURIAM:

Walter L. Mitchell, Jr. appeals the denial of a petition for collateral relief under 28 U.S.C. § 2255, in which he contends the Supreme Court's narrow interpretation of the federal mail fraud statute in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), invalidated his earlier indictment and conviction. We conclude *McNally* is fully retroactive and reverse.

In May 1983, Mitchell was indicted for violations of the federal mail fraud statute, 18 U.S.C. § 1341. The indictment alleged that in exchange for more than $100,000, Mitchell used his position as a councilman for the City of Redondo Beach to help secure zoning approval for a condominium conversion while publicly maintaining he had no financial interest in the project and no conflict of interest. The indictment alleged Mitchell's conduct constituted a scheme to defraud the city and its citizens of "[t]heir right to have the business and affairs of the City ... conducted honestly" and "[t]heir right to the loyal, honest and disinterested services, actions, decisions and performance of duties by defendant" in his capacity as a member of the city council. A jury convicted Mitchell, he appealed, and we affirmed. *United States v. Mitchell*, 744 F.2d 701 (9th Cir.1984).

Nearly three years later, the Supreme Court held in *McNally* that section 1341 protects only money and property rights and therefore does not reach schemes to defraud citizens of "the intangible right ... to good government." 107 S.Ct. at

2879, 2881. Mitchell filed this petition to have his sentence vacated and set aside. The district court denied Mitchell's petition.

## I.

■ We agree with the Courts of Appeals of the Second and Tenth Circuits that *McNally* is fully retroactive for the reasons stated in the opinions of those courts. *United States v. Shelton*, 848 F.2d 1485, 1488–90 (10th Cir.1988) (en banc); *Ingber v. Enzor*, 841 F.2d 450, 453–54 (2d Cir.1988); *accord United States v. Mandel*, 862 F.2d 1067, 1074–75 (4th Cir.1988) (granting writ of error coram nobis based on retroactive application of *McNally* ); *Magnuson v. United States*, 861 F.2d 166, 167 (7th Cir. 1988) (applying *McNally* retroactively based on *Shelton* and *Ingber* ). Pursuant to directions from the Solicitor General, the Government has abandoned its contention to the contrary.

## II.

■ In *McNally*, the Supreme Court "read § 1341 as limited in scope to the protection of property rights." 107 S.Ct. at 2881. Accordingly, "any benefit which the Government derives from the statute must be limited to the Government's interests as property-holder." *McNally*, 107 S.Ct. at 2881 n. 8.

Attempting to bring Mitchell's conviction within *McNally's* reach, the Government argues that Redondo Beach has a property interest in its zoning regulations, "and its intangible nature does not make it any less 'property' protected by the mail and wire fraud statutes." *Carpenter v. United States*, 484 U.S. 19, 108 S.Ct. 316, 320, 98 L.Ed.2d 275 (1987).[1] The Government asserts Mitchell was actually convicted for

defrauding the city of this intangible property right.

We do not decide whether the city possesses an intangible property right in its authority to grant or deny zoning approval, for even if true, the indictment does not allege that Mitchell defrauded the city of this or any other property.[2]

To charge a scheme to defraud under section 1341, *McNally* requires an allegation that Mitchell intended to deprive the city of money or property. *See United States v. Italiano*, 837 F.2d 1480, 1483–84 (11th Cir.1988); *United States v. Gimbel*, 830 F.2d 621, 627 (7th Cir.1987); *see also McNally*, 107 S.Ct. at 2881–2882 & n. 8; *United States v. Dadanian*, 856 F.2d 1391, 1392 (9th Cir.1988). The indictment in this case is devoid of any such allegation.

The pertinent portions of this indictment are nearly identical to those in *McNally*. *See* 107 S.Ct. at 2878 n. 4. Although both indictments alleged a scheme to obtain money and property, neither alleged a scheme to obtain them from the governmental body. The Government claims "the authorization to convey an apartment complex into residential condominiums was a property right with undisputed monetary value," but the indictment does not charge the City was deprived of this property right, if in fact it exists. The indictment does not allege that "in the absence of the alleged scheme" the City would not have approved the condominium conversion. *McNally*, 107 S.Ct. at 2882. Neither does it allege that the City was "deprived of control over how its" zoning rights were allocated, *id.* at 2878–79 and 2882, nor that Mitchell intended to defraud the City of any financial interest that might be linked to its grant or withholding of zoning approval. *Id.* at 2882.

1. We held in *Sigmond v. Brown*, 828 F.2d 8, 9 (9th Cir.1987) (per curiam), decided after *McNally* but before *Carpenter*, that allegations of mail fraud "require proof of the loss of tangible property." As *Carpenter* subsequently made clear, however, this is too narrow a reading of *McNally*.

2. Mitchell's failure before trial and on direct appeal to challenge the indictment on the

ground now asserted does not bar collateral attack. "If [Mitchell's] claim were correct, the indictment would fail to state an offense against the United States and the district court would be deprived of jurisdiction. Because the defect complained of is jurisdictional, [Mitchell's] claim is reviewable." *United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir.1979).

In sum, the indictment fails to charge the novel theory now advanced by the Government. It alleges no more than a scheme to deprive the citizens of Redondo Beach of their intangible right to "good government"—conduct not within the reach of section 1341 after *McNally*. The Government cannot sustain Mitchell's conviction on a theory different from that charged by the grand jury. *United States v. Egan*, 860 F.2d 904, 909 n. 2 (9th Cir.1988) (reversing conviction in light of *McNally*); *Italiano*, 837 F.2d at 1486; *see also United States v. Stack*, 853 F.2d 436, 438 (6th Cir.1988).

REVERSED.