**UNITED STATES of America, Plaintiff,**

v.

**Johnny BERMUDEZ, Defendant.**

**No. CR 87–417 AWT.**

United States District Court,
C.D. California.

Jan. 5, 1990.

Gary A. Feess, U.S. Atty., Robert L. Brosio, Asst. U.S. Atty., Chief, Criminal Div., Spurgeon E. Smith, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff.

Peter M. Horstman, Federal Public Defender, H. Dean Steward, Directing Atty., Santa Ana, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER

TASHIMA, District Judge.

This is a motion under former F.R. Crim.P. 35(a) ("Rule 35(a)") to correct an illegal sentence. Rule 35(a) provides:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.[1]

█ The issue presented is whether or not *United States v. Chatman,* 869 F.2d 525 (9th Cir.1989), interpreting the sentence enhancement provisions of the Armed Career Criminal Act ("ACCA"), should be applied retroactively. The Court concludes that *Chatman* applies retroactively on Rule 35(a) motions.

---

**1.** Rule 35 was amended effective Nov. 1, 1987. However, because defendant's crime took place before the effective date of the amendment, the earlier version of the rule applies. *United States v. Minor,* 846 F.2d 1184, 1188 n. 4 (9th Cir.1988).

## BACKGROUND

In 1987, defendant was convicted of being a felon in possession of a firearm under the ACCA, 18 U.S.C. § 922(g). He had previously been convicted of burglary three times. Under the ACCA's sentence enhancement provisions, these three prior convictions subjected defendant to a mandatory minimum term of imprisonment of 15 years, without eligibility for parole. § 924(e)(1).[2] Absent three prior convictions, the maximum sentence is five years imprisonment, without a mandatory minimum term, and subject to parole. § 924(a)(1). Defendant's conviction was affirmed on appeal in an unpublished memorandum disposition.

In *Chatman*, the Ninth Circuit held that the term "burglary" in § 924(e)(2)(B)(ii) is limited to the common law definition of burglary, which is a "breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony therein." 869 F.2d at 527. The importance of the definition is because burglary is included as a "violent felony" under § 924(e)(1) & (2)(B) for purposes of triggering the 15-year mandatory minimum sentence which defendant received in this case.

■ Defendant now contends, and the government agrees, that two of the three burglaries for which he was convicted do not meet the common law definition because the crimes were committed in the daytime.[3] Under *Chatman*, defendant's sentence would be an illegal one. As stated, the issue is whether *Chatman* should be applied retroactively.

## DISCUSSION

■ By focusing their discussion on cases which concern the retroactive application of new procedural rules, the parties have missed the critical factors which govern whether retroactive application of

*Chatman* is warranted. These factors are: (1) the distinction between new interpretations of substantive law and new rules of criminal procedure; and (2) the distinction between correcting an illegal sentence and vacating a conviction. Each of these considerations will be discussed in turn.

### I. *Substantive Law v. Procedural Rules*

The Supreme Court, in its retroactivity decisions, has recognized the distinction between cases involving new rules of constitutional procedure and those involving new interpretations of substantive criminal law. In *Robinson v. Neil*, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973), the Court held that a constitutional decision implicating the validity of the charge itself under the Double Jeopardy Clause was retroactive. The Court noted that substantive decisions "cannot, for retroactivity purposes, be lumped conveniently together [with procedural issues] in terms of analysis." *Id.* at 508, 93 S.Ct. at 878. It further noted that cases analyzing retroactive application of procedural decisions often decided against retroactivity because they "were found not to affect the basic fairness of the earlier trial, but to have been directed instead to collateral purposes such as the determination of unlawful police conduct...." *Id.* at 509, 93 S.Ct. at 878. The issue in *Robinson*, however, was the propriety of the trial taking place at all.

Similarly, in *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), the Court considered whether a change in a circuit court's interpretation of a substantive criminal statute should be applied retroactively in a proceeding under 28 U.S.C. § 2255. The Court held that if the conviction would be illegal under the subsequent decision, "then Davis' conviction and punishment are for an act that the

---

2. This and all subsequent references to § 924 are to 18 U.S.C. § 924.

3. Defendant also relies on the fact that these two convictions were for second degree burglary under California law. Cal.Pen.Code § 460. However, under California's statutory definition, Cal.Pen.Code § 459, no burglary conviction, whether first or second degree, can serve as a predicate offense under the ACCA because "a conviction can result without proving the common law elements of burglary." *United States v. Harkey*, 890 F.2d 1082, 1084 (9th Cir. 1989). *See* CALJIC Instructions No. 14.50 & 14.51 (no "nighttime" requirement).

law does not make criminal," and his conviction should be vacated. *Id.* at 346, 94 S.Ct. at 2305. The Court rejected the suggestion that a showing of prejudice was required as in cases involving new rules of criminal procedure.

The same distinction has been applied in deciding whether or not *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), should be applied retroactively. In *McNally*, the Court held, contrary to a long line of courts of appeals cases, that the federal mail fraud statute did not encompass a scheme to defraud citizens of their intangible right to honest government. In this Circuit, *McNally* is fully retroactive. *See United States v. Walgren*, 885 F.2d 1417, 1421 (9th Cir.1989) (coram nobis proceeding); *United States v. Mitchell*, 867 F.2d 1232, 1233 (9th Cir.1989) (per curiam) (habeas corpus proceeding). *Mitchell*, in turn, adopted the reasoning in *United States v. Shelton*, 848 F.2d 1485, 1488–90 (10th Cir.1988) (en banc), and *Ingber v. Enzor*, 841 F.2d 450, 453–54 (2d Cir.1988).

Both the Second and Tenth Circuits relied heavily on the fact that *McNally* was substantive, rather than procedural. They concluded that a substantive decision concerning the scope of a federal criminal statute was similar to *Robinson* in that the court's power to subject the defendant to trial was implicated. *Shelton*, 848 F.2d at 1489; *Ingber*, 841 F.2d at 454 n. 1.

*Chatman* similarly involves a substantive interpretation of a federal criminal statute. The effect of that interpretation is that defendant here has been subjected to at least ten additional years of imprisonment on the basis of prior convictions which do not qualify as predicate offenses under *Chatman* for sentence enhancement. Under the rationale of the cases discussed above, which distinguishes between substantive law and procedural rules, *Chatman* should be applied retroactively to the instant case.[4]

The plain wording of Rule 35(a) also supports this distinction. The rule provides that the court "may correct an illegal sentence *at any time.*" (Emphasis added.) However, procedurally defective sentences, *i.e.,* those "imposed in an illegal manner," are subject to challenge only within 120 days after sentencing. Thus, the rule clearly provides a more liberal treatment of defendants whose sentences are substantively improper than it does of defendants whose sentencing suffered from some procedural defect. *See United States v. Vaughan*, 598 F.2d 336 (4th Cir.1979).

II. *Attack on Sentence v. Conviction*

The distinction between a challenge to a sentence under Rule 35(a) and a collateral attack on a conviction is also important in retroactivity analysis.

Because a Rule 35(a) motion seeks only to correct an illegal sentence, rather than to vacate a conviction, the societal interest in finality is not as strong. In *Callanan v. United States*, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961), the Court ruled that a motion to correct an illegal sentence is available "when the claim is based on the face of the indictment *even if such claim had not been raised on direct appeal.*" *Id.* at 589, 81 S.Ct. at 322 (emphasis added). *See also United States v. McCrae*, 714 F.2d 83, 84 (9th Cir.), *cert. denied*, 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983); *United States v. Vigil*, 818 F.2d 738, 740 (10th Cir.1987). The finality of a conviction is important because of the burden caused by the need for a new trial, or the release of a convicted defendant because effective retrial may no longer be feasible years later. *Solem v. Stumes*, 465 U.S. 638, 654, 104 S.Ct. 1338, 1347, 79 L.Ed.2d 579 (1984) (Powell, J., concurring). On the other hand, the costs incurred in correcting an illegal sentence are far smaller than those incurred in rectifying a procedural error by retrying the case or releasing the prisoner. Thus, society's interest in finality is less

---

**4.** *See also McClain v. United States,* 643 F.2d 911 (2d Cir.), *cert. denied,* 452 U.S. 919, 101 S.Ct. 3057, 69 L.Ed.2d 424 (1981), which applied *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), retroactively. In *Simpson,* the Court ruled that a defendant could

not be sentenced both for armed bank robbery under 18 U.S.C. § 2113(d) and commission of a felony while armed under § 924(c). The court ruled that under *Robinson,* a more lenient retroactivity analysis applied when the validity of the sentence was challenged.

compelling when the challenge is only to the sentence and not to the conviction.

### CONCLUSION

Courts must always be concerned that those who are similarly situated receive equal treatment. As the Supreme Court recently noted in discussing retroactivity on collateral review, "the harm caused by the failure to treat similarly situated defendants alike cannot be exaggerated: such inequitable treatment 'hardly comports with the ideal of "administration of justice with an even hand." ' " *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 1077–78, 103 L.Ed.2d 334 (1989) (citations omitted). Given this overarching concern, as well as the two factors discussed above, the court concludes that any societal interest in not giving retroactive effect to *Chatman* is clearly outweighed by the reasons for applying it retroactively. The Court holds that *Chatman* should be retroactively applied on Rule 35(a) motions.

IT IS ORDERED:

1. Defendant's motion to correct illegal sentence is GRANTED.

2. Sentencing is reset for February 26, 1990, at 1:30 p.m. In accordance with F.R. Crim.P. 32(a)(1)(C), defendant shall be present for his resentencing. Any further documentary material to be considered for sentencing shall be filed by February 10, 1990.