**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Vinay SOOD, Defendant–Appellee.**

**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**David CRISOSTOMO, Defendant–
Appellee.**

Nos. 91–10570, 91–10601.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 1992.

Decided July 2, 1992.

Ezra Friedman, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Gary LaFleur, Gayle & Teker, Agana, Guam, for defendant-appellee Sood.

Terry E. Timblin, Agana, Guam, for defendant-appellee Crisostomo.

Before: GOODWIN, SCHROEDER, and BEEZER, Circuit Judges.

SCHROEDER, Circuit Judge:

The United States appeals the District Court of Guam's orders vacating the convictions of appellees David Crisostomo and Vinay Sood. Both Crisostomo and Sood were convicted of bribery pursuant to 18 U.S.C. § 666 in separate criminal proceedings that followed a large-scale investigation into public corruption in the Territory of Guam in the early and mid–1980's. Following their convictions, this court vacated the conviction of another public official of Guam who had been convicted under the same statute. *United States v. Bordallo*, 857 F.2d 519 (9th Cir.1988), *amended*, 872 F.2d 334 (1989), *cert. denied*, 493 U.S. 818, 110 S.Ct. 71, 107 L.Ed.2d 38 (1989). In *Bordallo* we held that 18 U.S.C. § 666 applied to "states" and their local subdivisions and that because Guam is not a state the statute was inapplicable.[1] Relying upon *Bordallo*, the District Court of Guam vacated Crisostomo's and Sood's convictions. The United States appeals.

The principal difference between this case and Governor Bordallo's case is that in *Bordallo* the question of the applicability of the statute was raised on direct appeal, while in each of these cases the issue was not raised until post-conviction collateral proceedings. Sood pleaded guilty to two counts under section 666 and was sentenced to two five-year concurrent terms of imprisonment. Execution of the sentences was suspended. More than four years after entry of the judgment of conviction, he filed and the district court granted his mo-

tion to vacate the conviction pursuant to *Bordallo*. Crisostomo also pleaded guilty to two counts of bribery under section 666 and received probation. Three years after that sentence was imposed, the government sought to revoke his probation. At the probation hearing the district court sua sponte entered an order vacating the underlying conviction on the ground that, under *Bordallo*, Crisostomo had never been properly charged with an offense against the United States.

■ We must determine whether the underlying defect in the appellees' prosecutions is such that collateral relief is warranted. The appropriate inquiry is whether the claimed error of law is " 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t ... present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.' " *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). Sood and Crisostomo argue that it would be a complete miscarriage of justice for punishment (probation, felony record, fine, and restitution) to continue for conduct that the law did not make criminal when they were convicted.

■ The Supreme Court's decision in *Davis* is directly controlling. It held that where a habeas corpus petitioner has been convicted of violating a law, and an intervening decision establishes that the petitioner's conduct was not a violation of that law, then habeas relief is appropriate. *Id.* at 346–47, 94 S.Ct. at 2305. There the Ninth Circuit held, in a case filed after the petitioner's conviction was affirmed, that the order the petitioner was convicted of violating was not a lawfully enacted criminal statute. The Supreme Court granted habeas relief and explained that a conviction must be vacated if the petitioner's "conviction and punishment are for an act that the law does not make criminal.

---

1. In 1990, Congress expressly extended application of 18 U.S.C. § 666 to "any commonwealth, territory, or possession of the United States." 18 U.S.C. § 666(d)(4).

There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under § 2255." 417 U.S. at 346–347, 94 S.Ct. at 2305 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). The doors of collateral review are open for petitioners who can show, through an intervening change in the law, that they could not have committed the substantive offense with which they were charged.

The government relies on some circuit decisions decided prior to *Davis. See Meyers v. Welch*, 179 F.2d 707 (4th Cir.1950); *Warren v. Colpoys*, 122 F.2d 642 (D.C.Cir.), *cert. denied*, 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed. 543 (1941). The government suggests these cases may have new vitality after the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288, 308–09, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *Teague*, however, dealt with the retroactive application of a "new constitutional rule of criminal procedure," not with the application of decisions affecting the substance of criminal laws. This court has recognized the distinction. *See United States v. McClelland*, 941 F.2d 999, 1001 (9th Cir.1991); *see also Ingber v. Enzor*, 841 F.2d 450, 454 n. 1 (2d Cir.1988) (criminal procedure cases have no bearing on retroactivity of new rule of substantive law).

■ The closest analogy to this situation in recent years came in the aftermath of the Supreme Court's decision in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), where the Supreme Court construed the reach of the mail fraud statute more narrowly than had the circuit courts of appeals. They had held that 18 U.S.C. § 1341 protected the intangible right to good government, as well as money and property. In *McNally*, the Supreme Court held that the statute protected only money and property, and thus provoked petitions for collateral relief from those who had been convicted of depriving citizens of intangibles. This court gave *McNally* full retroactive effect in *United States v. Mitchell*, 867 F.2d 1232 (9th Cir.1989) be-

cause the Supreme Court's intervening decision in *McNally* established that the conduct for which Mitchell had been convicted was not proscribed under the statute. Other circuits reached the same result. *United States v. Shelton*, 848 F.2d 1485, 1488–90 (10th Cir.1988) (en banc); *Ingber v. Enzor*, 841 F.2d 450, 453–54 (2d Cir.1988); *accord United States v. Mandel*, 862 F.2d 1067, 1074–75 (4th Cir.1988) (granting writ of error coram nobis based on retroactive application of *McNally* ), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3190, 105 L.Ed.2d 699 (1989); *Magnuson v. United States*, 861 F.2d 166, 167 (7th Cir.1988) (applying *McNally* retroactively based on *Shelton* and *Ingber*). Similar retroactive application of *Bordallo* is required here.

■ The government also argues that even if the petitioners' convictions under 18 U.S.C. § 666 were properly set aside, the conduct charged adequately could have sustained convictions under ·18 U.S.C. § 201, and we should sustain the convictions on that ground. The two statutes, however, do not have the same elements. Section 666 applies to bribery of government agents responsible for federal funds. Section 201, in contrast, applies only to "public officials" acting on behalf of the United States, whether or not federal funds are involved. The term "public official" requires an explicit showing of federal responsibility. *See Dixson v. United States*, 465 U.S. 482, 496–501, 104 S.Ct. 1172, 1180–82, 79 L.Ed.2d 458 (1984). What is more, section 201 does not expressly apply to the Territory of Guam either. Most importantly, section 201 was not charged in either the Crisostomo or the Sood information and neither petitioner had an opportunity to defend against such a charge. They cannot be deemed, by operation of law, to have been convicted under section 201.

The orders of the district court vacating the convictions are AFFIRMED.