9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene SOLIZ, husband; Frances Soliz, wife, Plaintiffs-Appellants,
v.
MURPHY, GOERING, ROBERTS & BERKMAN, P.C.; et al.,
Defendants-Appellees.
 No. 93-55604.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene and Frances Soliz appeal pro se the district court's dismissal of their diversity action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). We review de novo the district court's dismissal for failure to state a claim upon which relief may be granted. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). We affirm.
 
 
 3
 The Solizes have filed a series of lawsuits in connection with a 1988 automobile accident. On August 12, 1992, they filed this action, naming as defendant Murphy, Goering, Roberts & Berkman, the law firm that represented a defendant in one of the Solizes' prior actions. The district court liberally construed the complaint as claiming that Murphy, Goering had committed legal malpractice and fraud, and had violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Murphy, Goering moved to dismiss for failure to state a claim upon which relief may be granted or, in the alternative, for a more definite statement pursuant to Fed.R.Civ.P. 12(e).
 
 
 4
 On November 23, 1992, the district court dismissed with prejudice the legal malpractice claim and dismissed without prejudice the fraud and RICO claims. During the hearing on the motion to dismiss, the district court informed the Solizes of the elements they had to plead to state claims for fraud and for RICO violations. In its dismissal order, the district court stated that the Solizes had only one opportunity to amend their complaint to include the necessary elements and directed that the amended complaint be filed within 30 days. The order warned the Solizes that their action would be dismissed with prejudice if they failed to comply with the order.
 
 
 5
 The Solizes filed an amended complaint one day after the 30-day deadline.[1] Murphy, Goering moved to dismiss the first amended complaint with prejudice and requested sanctions pursuant to Fed.R.Civ.P. 11. The Solizes opposed the motion. The district court dismissed the first amended complaint with prejudice and denied the request for sanctions. The Solizes timely appeal.
 
 
 6
 It is difficult to ascertain the issues the Solizes raise on appeal. In their briefs, the Solizes contend that the members of Murphy, Goering are "crooked" attorneys who have obstructed justice and that the Solizes are "tired of being kicked around." The Solizes also appear to allege errors arising from a prior lawsuit.[2] Based upon our de novo review of the district court's dismissal, we find the Solizes' amended complaint was properly dismissed.
 
 
 7
 A court should not dismiss a complaint with prejudice unless it " 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Reddy, 912 F.2d at 293 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). When dismissing a complaint for failure to state a claim, the district court should notify the pro se plaintiff of the complaint's deficiencies and provide the plaintiff an opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). A district court does not abuse its discretion by dismissing a complaint with prejudice where amendment would be futile. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir.1990), cert. denied, 112 S.Ct. 332 (1991).
 
 
 8
 To state a claim for fraud under California law, a plaintiff must allege: "(1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damages (causation)." Cooper v. Equity Gen. Ins., 219 Cal.App.3d 1252, 1262 (1990). "A plaintiff in a RICO case must present proof of four RICO elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sigmond v. Brown, 828 F.2d 8, 8 (9th Cir.1987) (per curiam) (quotations omitted).
 
 
 9
 Although the words "fraud" and "RICO" appear on the Solizes' first amended complaint, the complaint fails to allege the elements of either cause of action. Thus, the district court properly dismissed the complaint for failure to state a claim. See Reddy, 912 F.2d at 293. Moreover, the court properly dismissed with prejudice. The district court notified the Solizes of the deficiencies of their original complaint and provided an opportunity to amend. Despite this guidance, the Solizes' amended complaint is unintelligible. Because it is clear that amendment would be futile, the district court did not abuse its discretion by dismissing with prejudice. See id. at 296; cf. Noll, 809 F.2d at 1448.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Solizes then attempted to file a second amended complaint, which was rejected by the court
 
 
 [2]
 In that prior action, the district court set aside a default judgment the court clerk had entered against American International Adjustment Co., which was represented by Murphy, Goering. The Solizes contend this was error
 
 
 [3]
 In its brief, Murphy, Goering requests, for the first time in this litigation, an injunction preventing the Solizes from filing additional actions involving the 1988 automobile accident without first obtaining leave of court. We deny the request. See DeLong v. Hennessey, 912 F.2d 1144, 1147-49 (9th Cir.), cert. denied, 498 U.S. 1001 (1990). We also deny Murphy, Goering's request for monetary sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927