97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio Alfredo RENTERIA, aka: Alfredo Renteria; aka:
Sergio Montoya, Defendant-Appellant.
 No. 96-50023.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 12, 1996.
 
 Before: FLETCHER, BRUNETTI and JOHN T. NOONAN, Jr., Circuit Judges.
 MEMORANDUM**
 Sergio Renteria, a former federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence following his guilty plea conviction for possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q). We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and reverse and remand.
 The district court terminated Renteria's supervised release in light of United States v. Lopez, 115 S.Ct. 1624 (1995) (holding 18 U.S.C. § 922(q) unconstitutional), but denied Renteria's motion to vacate his conviction.[1] Because, however, section 2255 is the proper motion "for petitioners who can show, through an intervening change in the law, that they could not have committed the substantive offense with which they were charged," see United States v. Sood, 969 F.2d 774, 776 (9th Cir.1992), the judgment is reversed and remanded to the district court with instructions to vacate Renteria's conviction. See id.; Lopez, 115 S.Ct. 1624.
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Renteria filed a "Motion to Vacate Conviction and Terminate Supervised Release." This motion is properly construed as a section 2255 motion. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) ("Where a defendant seeks to attack the basis for his conviction, the district court may properly construe the defendant's [ ] motion as under section 2255.")