**Francisco HUI–SALAZAR,
Petitioner–Appellant,**

v.

**John D. ASHCROFT, Attorney General,
Respondent–Appellee.**

No. 00–35728.

D.C. No. CV–99–01162–AS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

R.App. P. 34(a)(2). The Clerk shall amend the docket to reflect that John D. Ashcroft is substituted for his predecessor, Janet Reno, as Respondent–Appellee, Attorney General of the United States.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Francisco Hui–Salazar appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition, challenging his continued detention by the Immigration and Naturalization Service (INS) pending his deportation to Cuba. Upon our *sua sponte* review of our jurisdiction over this appeal, *see Hostler v. Groves*, 912 F.2d 1158, 1160 (9th Cir.1990), we must dismiss because Hui–Salazar's notice of appeal was premature and ineffective under Federal Rule of Appellate Procedure 4(a). *See Serine v. Peterson*, 989 F.2d 371, 372–73 (9th Cir.1993) (order) (dismissing appeal for lack of jurisdiction where appellant's notice of appeal was filed after the magistrate's findings and recommendation were filed, but before the district court entered judgment, and appellant did not file a notice of appeal after final judgment was entered).[1]

We point out that Hui–Salazar may file a new habeas petition challenging his continued detention under our recent decision in *Ma v. Ashcroft*, 257 F.3d 1095, 1105 (9th Cir.2001) (concluding, on remand from the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), that "[i]n cases in which an alien has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future, ... the statute does not permit the Attorney General to hold the alien for more than a reasonable period beyond that removal period"). Such a petition should not be dismissed as an "abuse of the writ" because the intervening change in the law has cast serious doubts on whether the Attorney General may continue to detain Hui–Salazar under the statute. *See Walter v. United States*, 969 F.2d 814, 816 (9th Cir.1992) (stating that district court must entertain on collateral review a claim previously presented where there is "manifest injustice"); *cf. United States v. Sood*, 969 F.2d 774, 776 (9th Cir.1992) (concluding that manifest injustice is present where petitioner can demonstrate that, pursuant to a change in the law, he could not have been properly convicted under the applicable criminal statute); *see also Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir.2000) (concluding that AEDPA's "gatekeeping" provisions in 28 U.S.C. § 2244 do not apply to second and subsequent habeas petitions filed by INS detainees).

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Although we conclude that we lack jurisdiction over this appeal under *Serine,* we have some concern as to whether this result in this case is in keeping with the Supreme Court's statement of the intent of Rule 4(a)(2), which is "to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment." *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.,* 498 U.S. 269, 276, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991).