UNITED STATES of America, Plaintiff–Appellee,

v.

Jerome C. UTZ, Defendant–Appellant.

No. 88–1713.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1989.

Decided Sept. 27, 1989.

Jerome C. Utz, pro se, Orinda, Cal., for defendant-appellant.

Vincent C. Gambale, U.S.Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before BROWNING, BEEZER and KOZINSKI, Circuit Judges.

PER CURIAM:

Jerome C. Utz appeals the denial of his second petition for collateral relief under 28 U.S.C. § 2255, in which he contends that his conviction runs afoul of the Supreme Court's narrow interpretation of the federal mail fraud statute in *McNally v. United States,* 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). Utz also appeals the district court's denial of an evidentiary hearing on his claim that prosecutorial con-

duct tainted the jury's deliberations. We affirm.

## I.

Utz, a former deputy attorney general for the state of California, was indicted in 1983 for violations of the federal mail fraud statute, 18 U.S.C. § 1341, and of the "travel fraud" statute, 18 U.S.C. § 2314. The indictment charged Utz and three codefendants with a scheme to solicit investments in a fraudulent real estate development in Placerville, California. The district court granted defendants' motion to strike several unproven allegations in the indictment. The jury convicted Utz on the mail fraud counts. Utz and his codefendants appealed and we affirmed. *United States v. Wellington,* 754 F.2d 1457 (9th Cir.1985).

Utz subsequently sought relief under 28 U.S.C. § 2255, alleging the prosecution improperly submitted the original, and therefore incorrect, indictment to the jury for consideration during its deliberations. The district court rejected Utz's section 2255 petition, and we affirmed. *United States v. Utz,* No. 86–1345 (9th Cir. Apr. 30, 1987) (unpublished mem.) (*Utz I*) [817 F.2d 107 (table)].

Two months later, the Supreme Court in *McNally* limited the scope of the mail fraud statute to protection of property rights. *See* 483 U.S. at 356–61, 107 S.Ct. at 2879–82.[1] Utz filed this second section 2255 petition based primarily on *McNally,* but also reasserting his allegation of misconduct regarding the indictment, arguing that the prosecution improperly submitted the unaltered indictment to the jury. The district court rejected both claims.

## II.

Utz argues that under *McNally* there must be evidence that the intended victims suffered actual property loss, evidence which, Utz claims, was lacking in this case. According to Utz's reading of *McNally,* a scheme to defraud must succeed before it can form the basis of a mail fraud prosecution.

---

1. *McNally* is "fully retroactive," *United States v. Mitchell,* 867 F.2d 1232, 1233 (9th Cir.1989) (per curiam), and therefore Utz's pre-*McNally* conviction must conform to it.

Prior to *McNally*, it was well settled that to establish a violation of the mail fraud statute "the government was not required to prove that the scheme succeeded." *Lemon v. United States*, 278 F.2d 369, 373 (9th Cir.1960). "[U]nder the statute ... it was immaterial whether the defendant obtained any money or not, since the mere devising of a scheme for obtaining money or property by fraud and the use of the mail for the purpose of executing such scheme constitutes a violation of the statute." *Erwin v. United States*, 242 F.2d 336, 337 (6th Cir.1957).

We finding nothing in *McNally* to upset this longstanding interpretation of the statute. *McNally* stands for three propositions: that the scope of section 1341 is to be discerned from the statute's language and legislative history, *see McNally*, 483 U.S. at 356, 359–60, 107 S.Ct. at 2879, 2881; that the language and the legislative history indicate the statute was intended only "to protect the people from schemes to deprive them of their money or property," *id.* at 356, 107 S.Ct. at 2879, and thus does not protect citizens' intangible right to good government, *id.* at 360, 107 S.Ct. at 2881–82; and, finally, that the phrase "any scheme or artifice to defraud" in the statute "is to be interpreted broadly insofar as property rights are concerned." *Id.* at 356, 107 S.Ct. at 2879.

The words of the statute are inconsistent with Utz's theory. The statute provides in pertinent part:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, ... for the purpose of executing such scheme or artifice or attempting so to do [uses the mails or causes them to be used], shall be fined not more than $1,000 or imprisoned not more than five years, or both."

18 U.S.C. § 1341. The phrase "having devised *or intending to devise any scheme* or artifice to defraud" is plainly at odds with the notion that only actual deprivation of money or property is punishable. "The language [of the statute] is to be construed

in light of the statute's manifest purpose to prohibit all attempts to defraud by any form of misrepresentation." *United States v. McNeive*, 536 F.2d 1245, 1247 (8th Cir.1976).

The opinion in *McNally* is also inconsistent with Utz's view. The Court explained in *McNally* that the modern mail fraud statute is a codification of the Supreme Court's holding in *Durland v. United States*, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709 (1896) and quoted with approval language from the *Durland* opinion broadly construing the predecessor to section 1341 "to 'includ[e] everything *designed to defraud* by representations as to the past or present, or suggestions and promises as to the future,'" *McNally*, 483 U.S. at 357, 107 S.Ct. at 2880 (quoting *Durland*, 161 U.S. at 313, 16 S.Ct. at 511) (emphasis added), and stating that " '[i]t was with the purpose of protecting the public against all such intentional *efforts* to despoil ... that this statute was passed....'" *Id.* (quoting *Durland*, 161 U.S. at 314, 16 S.Ct. at 511). *McNally* quotes *Durland* to support its conclusion that the statute "is to be interpreted broadly insofar as property rights are concerned." *Id.* at 356, 107 S.Ct. at 2879.

The Court reiterated this broad reading of the statute in *Carpenter v. United States*, 484 U.S. 19, 108 S.Ct. 316, 321, 98 L.Ed.2d 275 (1987), stating that "[s]ection[ ] 1341 ... reach[es] *any scheme* to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." (Emphasis added.) It is enough, the Court said, that "the object of the scheme" was to deprive the victims of money or some cognizable property right, if that theory is charged in the indictment and presented to the jury. *Id.* 108 S.Ct. at 320.

■ After *McNally* the basic elements of the offense of mail fraud remain as they were before *McNally*: "(1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme." *Pereira v. United States*, 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435 (1954); *see United States v. Dowling*, 739 F.2d 1445,

1448 (9th Cir.1984), *rev'd on other grounds*, 473 U.S. 207, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985). Contrary to Utz's argument, *McNally* added no new element to the offense; it merely limited the first element to schemes to defraud another of money or property. It is enough after *McNally*, as before, that the government charge and the jury find either that the victim was actually deprived of money or property *or* that the defendant intended to defraud the victim of the same. A scheme to defraud, whether successful or not, remains within the purview of section 1341 as long as the jury was required to find an "intent to obtain money or property from the victim of the deceit." *United States v. Lew*, 875 F.2d 219, 222 (9th Cir.1989).[2]

## III.

■ The district court did not err in denying Utz an evidentiary hearing on his allegation that a copy of the original, unexpurgated indictment was erroneously submitted to the jury for consideration during deliberations, a claim Utz raised, and we rejected, in his first section 2255 petition. *See Utz I*, No. 86–1345, at 2 (finding "not a scrap of evidence" to support this claim).

The record conclusively establishes that the correct version of the indictment was read to the jury, *see United States v. Utz*, No. CR–82–0629–TEH, at 3 (N.D.Cal. Oct. 14, 1986) (unpublished order), *aff'd, Utz I*, No. 86–1345, at 2, and that the information ordered stricken by the district court was in fact crossed out on the copy of the original indictment Utz claims was sent into the jury room. *See* 14 C.R. Doc. 623m, Exh. 10(c), at 13–15. Moreover, the district court expressly instructed the jury that the indictment "is not evidence of any kind" and "does not create any presumption or permit any inference of guilt." 9 C.R. at 6. Under these circumstances, even assuming a copy of the original indictment was erroneously submitted to the jury and, further assuming, as Utz argues, the error was of constitutional dimensions, we are satisfied beyond a reasonable doubt that it did not contribute to the verdict against Utz, and the verdict may stand. *See Satterwhite v. Texas*, 486 U.S. 249, 108 S.Ct. 1792, 1797, 100 L.Ed.2d 284 (1988).[3]

■ Also meritless is Utz's claim that the court violated due process and equal protection by giving each juror a copy of the indictment to consider during deliberations. We perceive no reason why the district court's decision to give each juror a copy of the indictment should not be ac-

**2.** In November 1988, Congress added a new section to chapter 63 of title 18 of the United States Code, § 1346, which overrules *McNally*, stating: "For the purpose of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." Pub.L. 100–690, Title VII, § 7603(a), 102 Stat. 4508. Because we affirm Utz's conviction even under *McNally*, we do not address whether § 1346 applies retroactively or whether retroactive application of this section would violate the *ex post facto* clause of the U.S. Constitution, Art. I, § 10. *See Coleman v. McCormick*, 874 F.2d 1280, 1286 (9th Cir.1989) (en banc).

**3.** In the response to Utz's claim, the district judge stated he "personally went into the jury room and verified that the jury had the correct version of the indictment." *United States v. Utz*, No. CR–82–0629–TEH, at 2 (N.D.Cal. Feb. 5, 1988) (unpublished order). Utz claims this action by the district court raises questions of judicial misconduct and juror impartiality. "Because this claim was not raised before the district court, we decline to hear it for the first

time on appeal." *Smith v. United States Parole Comm'n*, 875 F.2d 1361, 1369 (9th Cir.1989).

Utz also asserts that the government's attorney, in oral argument before this court in Utz's first section 2255 petition, conceded that he took the indictment out of the jury room, altered the indictment and then resubmitted the indictment to the jury. No tape of that oral argument survives. However, the alleged concession by the government appears to amount to nothing more than the same acknowledgment the government made before this court on Utz's second petition—*i.e.*, that, upon order of the court, the government retyped the indictment and returned it absent the stricken portions. There is absolutely no evidence in the record to indicate the government's attorneys communicated with, or in any other way "tampered" with, the jury, *see Remmer v. United States*, 350 U.S. 377, 379, 76 S.Ct. 425, 426, 100 L.Ed. 435 (1956), nor is there any evidence that any alleged prosecutorial misconduct prejudiced the jury against Utz. *See United States v. Spawr Optical Research Inc.*, 864 F.2d 1467, 1471–72 (9th Cir.1988), *petition for cert. filed*, 57 U.S. L.W. 3797 (U.S. Apr. 21, 1989) (No. 88–1708).

corded the same deference due a decision of the district court to send a single copy of the indictment to the jury room, *see Shayne v. United States,* 255 F.2d 739, 743 (9th Cir.1958); *C.I.T. Corp. v. United States,* 150 F.2d 85, 91 (9th Cir.1945); *see also United States v. Polizzi,* 500 F.2d 856, 876 (9th Cir.1974); *United States v. Murray,* 492 F.2d 178, 193 (9th Cir.1973), especially, where, as here, the court cautions the jury not to consider the indictment as evidence. *See United States v. Steed,* 465 F.2d 1310, 1316 (9th Cir.1972).

AFFIRMED.