910 F.2d 598
 UNITED STATES of America, Plaintiff-Appellant,
v.
TELINK, INCORPORATED, Defendant,
and
Bobby Hendrix; James Linder; Donald Woodaman; Abraham
Stein; Hilario Gonzales; Robert Palmer; Henry
L. Richter; Bernard Campbell; Robert
Schreiber; Michael Sage,
Defendants-Appellees.
 No. 89-50063.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 8, 1989.
Decided Aug. 6, 1990.
 
 Lantz Lewis, Sp. Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellant.
 Christopher J. Schatz, Lightner & Castro, San Diego, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before GOODWIN, Chief Judge, and SCHROEDER and O'SCANNLAIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 We affirm the district court's order dismissing the indictment in this case.
 
 
 2
 * On October 26, 1984, a Federal Grand Jury for the Southern District of California returned Criminal Indictment No. 84-0958. It alleged that defendants had violated numerous provisions of the United States Code, particularly through their actions in connection with the County of San Diego's awarding of certain telephone contracts. After some defendants pleaded guilty, trial commenced on March 19, 1987 on a redacted indictment alleging that defendants had engaged in a mail fraud scheme against the County of San Diego in contravention of 18 U.S.C. Sec. 1341.
 
 
 3
 While the trial was in progress, on June 24, 1987, the Supreme Court handed down its decision in McNally v. United States, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), a landmark case in which the Court attempted to clarify the reach of the mail and wire fraud statutes. Based on McNally, defendants in the instant case moved to dismiss the indictment; the district court denied the motions. On July 28, 1987, after seventeen weeks of trial, the court declared a mistrial, citing the "evidentiary chaos" created by McNally. Subsequent to the mistrial, the parties presented argument to the court regarding the sufficiency of the indictment in light of McNally. On March 24, 1988, the district court ruled that the indictment alleged a scheme to deprive the County of San Diego of certain property rights and thus survived McNally.
 
 
 4
 The defendants moved for reconsideration of the district court's ruling on May 25, 1988. On October 6, 1988, the district court found that the indictment failed to allege that the County of San Diego suffered a loss of money or property as a result of the alleged mail fraud scheme; that under McNally such a loss is an essential element of mail fraud; and that in the absence of such an allegation the court had no jurisdiction to proceed. The court thereafter dismissed the indictment. On October 21, 1988, the government moved for reconsideration of the dismissal order. After a hearing, the district court on December 12, 1988 filed a Memorandum Decision and Order denying the government's motion for reconsideration of dismissal of the indictment. See United States v. Telink, Inc., 702 F.Supp. 805 (S.D.Cal.1988).
 
 
 5
 We have jurisdiction over the United States' timely appeal. See 18 U.S.C. Sec. 3731 (1988); 28 U.S.C. Sec. 1291 (1988).
 
 II
 
 6
 We first address the district court's dismissal of the indictment on the ground that it failed to allege that the defendants' scheme had actually resulted in loss to the County.
 
 
 7
 The mail fraud statute provides in pertinent part that it shall be illegal to "devise[ ] or intend[ ] to devise any scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises," at least when the mails are used in conjunction therewith. 18 U.S.C. Sec. 1341 (1988). In McNally, the Supreme Court held that this statute does not reach " 'schemes to defraud citizens of their intangible rights to honest and impartial government.' " Carpenter v. United States, 484 U.S. 19, 25, 108 S.Ct. 316, 320, 98 L.Ed.2d 275 (1987) (quoting McNally, 483 U.S. at 355, 107 S.Ct. at 2878-79). The Court emphasized that the mail fraud statute is " 'limited in scope to the protection of property rights.' " Id. (quoting McNally, 483 U.S. at 360, 107 S.Ct. at 2881).
 
 
 8
 The district court here held that, after McNally, "a loss of money or property is now a necessary element of a mail fraud charge." Telink, Inc., 702 F.Supp. at 808. We agree with the government that this holding was incorrect; indeed, we have already had occasion specifically to reject this assessment of McNally. In United States v. Oren, 893 F.2d 1057 (9th Cir.1990), we held that "[t]here is nothing in McNally to support [the] argument that the case requires 'an actual loss, not just a plan or scheme.' " Id. at 1061; accord United States v. Utz, 886 F.2d 1148, 1149-50 (9th Cir.1989) (rejecting a reading of McNally which provided that "a scheme to defraud must succeed before it can form the basis of a mail fraud prosecution"), cert. denied, --- U.S. ----, 110 S.Ct. 3242, 111 L.Ed.2d 753 (1990). McNally added no new requirement that a scheme to defraud must be successful for a mail fraud prosecution to lie.
 
 
 9
 Oren and Utz are squarely on point: the contribution of McNally was definitional, not elemental. Dismissal of the indictment cannot be grounded on failure to allege an actual loss of property.
 
 III
 
 10
 Appellees alternatively contend that the Telink indictment did not allege a scheme to defraud the County of property within the meaning of McNally. They further argue that, even if the indictment did allege such a scheme, the indictment is flawed because it is pervaded with the notion, discredited by McNally, that the right to honest and impartial government is a property right for purposes of mail fraud. We agree with appellees that the indictment was properly dismissed.[1]
 
 
 11
 As discussed above, the mail fraud statute proscribes certain schemes to defraud. The grand jury in the instant case described the allegedly criminal scheme as follows:
 
 The Scheme
 
 12
 2. Beginning on a date unknown to the grand jury and continuing up to in or about January 1983, within the Southern District of California, and elsewhere, defendants TELINK, BURNUP, HENDRIX, LINDER, WOODAMAN, ST. PIERRE, A.H. STEIN, GONZALES, PALMER, RICHTER, CAMPBELL, SCHREIBER, SAGE and D. STEIN, along with others, both known and unknown to the grand jury, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and obtain money and property and deprive governmental entities of the honest and faithful service of employees, agents and consultants by means of false and fraudulent representations in connection with the sale of telecommunications equipment and consulting services in that defendants made and caused to be made false statements and concealed material facts about the relationship between consultants and telecommunication equipment vendors.
 
 
 13
 Indictment at 70-71 (Oct. 26, 1984) (emphasis added).
 
 
 14
 The government argues that the indictment alleges that the defendants committed mail fraud in a variety of different ways. It concedes that the indictment charges the defendants with the non-offense (at least under the mail fraud statute construed by McNally ) of engaging in a scheme to deprive governmental entities of the honest and faithful services of employees, agents, and consultants. The government contends, however, that the indictment also alleges that the defendants engaged in mail fraud by scheming to deprive the County of property in the forms of (1) confidential business information, (2) control over how its money was spent, and (3) the benefit of a bargain.
 
 
 15
 The government's argument on this point, however, constitutes a post-hoc (i.e., post-McNally) rationalization for a flawed indictment. "The indictment is permeated with pre-McNally 'right to honest services' theory." United States v. Soriano, 880 F.2d 192, 197 (9th Cir.1989). The indictment is silent on the three property interests which the government now discusses at length. Just as "[t]he Government cannot sustain [a] conviction on a theory different from that charged by the grand jury," United States v. Mitchell, 867 F.2d 1232, 1234 (9th Cir.1989) (emphasis added) (post-McNally reversal of mail fraud conviction), so, too,--a fortiori--it may not obtain a conviction on a theory different from that charged by the grand jury. Here it is clear that the grand jury charged mail fraud on the theory that defendants had schemed to "deprive governmental entities of the honest and faithful service of employees, agents and consultants." The indictment was therefore properly dismissed.[2]
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 We are within our authority in holding for appellees on a basis other than that invoked by the district court. "We may affirm on any ground fairly supported by the record." Lee v. United States, 809 F.2d 1406, 1408 (9th Cir.1987), cert. denied, 484 U.S. 1041, 108 S.Ct. 772, 98 L.Ed.2d 859 (1988). The parties here extensively briefed the ground on which we affirm
 
 
 [2]
 Contrary to the government's argument, no jury instruction at trial could have saved the indictment. "Even if the jury instructions complied with McNally requirements, they cannot cure a basic flaw in the indictment." Soriano, 880 F.2d at 196
 Nor does it matter that Congress has limited the reach of McNally by its November 1988 enactment of 18 U.S.C. Sec. 1346, which provides: "For the purpose of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." Pub.L. 100-690, tit. VII, Sec. 7603(a), 102 Stat. 4508 (1988). We follow the lead of the other circuits to have construed the impact of section 1346, all of which have held, for any number of reasons, that the section lacks retroactive force. See, e.g., United States v. Granberry, 908 F.2d 278, 281 n. 1 (8th Cir.1990) (section 1346 "of course, is not retroactive (because of the Ex Post Facto Clause, if for no other reason)"); McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786, 791 (1st Cir.1990) (finding that McNally governed case "because the alleged conduct all occurred prior to the enactment of section 1346"); United States v. Bush, 888 F.2d 1145, 1146 (7th Cir.1989) (Easterbrook, J.) ("The new Sec. 1346 could not be applied retroactively, given the Ex Post Facto Clause of the Constitution."); Corcoran v. American Plan Corp., 886 F.2d 16, 19 (2d Cir.1989) (concluding that section 1346 "has no application" to events which occurred from 1982 to 1985); United States v. Davis, 873 F.2d 900, 902 (6th Cir.) ("Congress has now amended the mail fraud statute to incorporate the intangible rights theory, but the amendment has no retroactive application, of course."), cert. denied, --- U.S. ----, 110 S.Ct. 292, 107 L.Ed.2d 271 (1989); United States v. Stewart, 872 F.2d 957, 960 n. 2 (10th Cir.1989) (section 1346 does not apply to criminal charges alleging conduct before November 18, 1988). This is consistent with our earlier ruling that McNally is "fully retroactive." United States v. Mitchell, 867 F.2d 1232, 1233 (9th Cir.1989) (per curiam).
 We express no opinion on whether our ruling is a bar to the convening by the United States of another grand jury, wherefrom it might seek another indictment of defendants.