948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Robert Wayne KELLER, Defendant/Appellant.
 No. 90-50056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991*.
Decided Dec. 2, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court's decision to exclude the Hammond tape was not clearly erroneous. See United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989) (trial court's decisions regarding relevance and probative value versus prejudicial effect reviewed for abuse of discretion). The district court justifiably concluded that whether representations contained exhibits 36 and 74 were true or false "does not in any way relate to the falsity of Hammond's representations to separate investors at a later date." (Reporter's Transcript ("RT") at 3469-70) The district court could also justifiably conclude that the tape's probative value, if any, was substantially outweighed by the risk of confusing the jury as to "who is on trial." (Id. at 3439) Thus, Keller's Constitutional argument must also fail. See Crane v. Kentucky, 476 U.S. 683, 689 (1985) (Constitution leaves judges "wide latitude" to exclude evidence that is repetitive, only marginally relevant, or poses an undue risk of harassment, prejudice, or confusion of the issues).
 
 
 3
 Further, Keller had alternative means of pursuing his theory that the salespeople were misled by Hammond and others. Keller could direct the jury's attention to exhibits 36 and 74 and argue the accuracy of the various representations. And, Keller could cross-examine government witnesses regarding their dealings with Hammond to ascertain the basis of their knowledge regarding Melinworth's insurance. Moreover, the government was not required to prove reliance. It was only required to show that Keller participated in a scheme to defraud and caused a use of the mails for the purpose of executing the scheme. See United States v. Utz, 886 F.2d 1148, 1150 (9th Cir.1989), cert. denied, 110 S.Ct. 3242 (1990). This requirement was met.
 
 
 4
 Keller also contends that the district court's reversal of prior "rulings" regarding the admissibility of the Hammond tape was prejudicial. Keller's argument stems from the court's late evidentiary ruling regarding the Hammond tape. We understand his argument, but the court never ruled that all evidence regarding Hammond was admissible. Although the court permitted Keller to examine witnesses regarding statements made to them by Hammond, the questions were intended to ascertain the source of each witness' understanding regarding Melinworth's insurance. There was no indication that the witnesses were present during Hammond's taped presentation.
 
 
 5
 The evidence, viewed in the light most favorable to the government, see United States v. Sarault, 840 F.2d 1479, 1487 (9th Cir.1988), supports the trial court's decision to deny the motion for acquittal. The binders did not establish temporary insurance as a matter of law because: (1) they were conditional and (2) insurance agents informed Keller that no production insurance would be in place until the conditions were satisfied. See 2 Couch on Insurance § 14:28, at 54 (2d rev.ed.1984) ("requisite" of binder is "contractual intent" to effect temporary present insurance). Further, even if the binders did effect temporary insurance, the jury could still find Keller guilty of participating in a fraudulent scheme. See United States v. MacDonald, 576 F.2d 1350, 1358 (9th Cir.), cert. denied, 439 U.S. 830 (1978) (awareness of a high probability of fraud coupled with shutting one's eyes to avoid learning the truth will support a mail fraud conviction).
 
 
 6
 The district court's rulings that the Order of Disbarrment was inadmissible under Fed.R.Evid. 608(b) and questions regarding the disbarment were precluded by Fed.R.Evid. 403 were not clearly erroneous. See United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988) (trial court's decisions regarding scope of cross examination reviewed for abuse of discretion). The court could justifiably conclude that any probative value of the default disbarment would be outweighed by the risk that the jury would overestimate its significance. Keller was permitted to conduct "a very searching cross-examination ... with respect to all the other ... facts [underlying the disbarment]." (Id. at 1304) See Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986) (harmless error factors include presence of corroborating testimony, extent of cross-examination otherwise permitted, and overall strength of prosecution's case).
 
 
 7
 Keller also argues that the trial court's decision violated the Confrontation Clause of the Sixth Amendment. Keller relies on Olden v. Kentucky, 488 U.S. 227 (1988), and Van Arsdall, 475 U.S. 673. In order to state a violation of the Confrontation Clause, the defendant must be "prohibited from engaging in otherwise appropriate cross-examination." Van Arsdall, 475 U.S. at 680 (emphasis added). There is no constitutional right to pursue an allegation of bias no matter how speculative and prejudicial.
 
 
 8
 The Allen charge was not impermissibly coercive. The test for impropriety of an Allen charge is whether, in its context, the instruction had a coercive effect. United States v. Wauneka, 842 F.2d 1083, 1088 (9th Cir.1988). "This circuit evaluates coerciveness on the basis of (1) the form of the instruction; (2) the period of deliberation following the Allen charge; (3) the total time of jury deliberations; and (4) the indicia of coerciveness or pressure upon the jury." United States v. Foster, 711 F.2d 871, 884 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984).
 
 
 9
 Keller focuses on the form of the instruction. Keller was given a choice, however, between the charge contained in the Model Instructions for the Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit § 13.03 (1985), and the charge proposed by the parties and amended by the district court. The basic form of the instruction was that proposed by Keller and the government, although the court deleted three paragraphs that it found repetitive and coercive. There was no error.
 
 
 10
 The jury deliberated for two days following the Allen charge. Compare United States v. Bonam, 772 F.2d 1449, 1451 (9th Cir.1985) (verdict reached in ninety minutes "was not an immediate post-charge guilty nor was ... it rendered in such a short period of time as to raise a suspicion of coercion"). Prior to the charge, the jury had deliberated between four and five days. There are no indicia of coercion. See Foster, 711 F.2d at 884 (no indicia of coerciveness where jury rendered discriminating verdicts, neither judge nor jury had expressed frustration at the jury's failure to reach a verdict, and judge was unaware of how the jury stood).
 
 
 11
 We have reviewed the voire dire testimony independently. See Dole v. Milonas, 889 F.2d 885, 888-889 (9th Cir.1989) (whether a communication is protected by the attorney-client privilege is subject to de novo review). Sarowitz's testimony was not protected by the attorney-client privilege. The attorney-client privilege protects: "(1) communications (2) made in confidence (3) by the client (4) in the course of seeking legal advice (5) from a lawyer in his capacity as such, and applies only (6) when invoked by the client and (7) not waived." United States v. Abrahams, 905 F.2d 1276, 1283 n. 10 (9th Cir.1990). The burden of demonstrating the existence of the privilege rests on the party asserting the privilege. See id. at 1283. And, the "privilege is to be strictly construed." United States v. Plache, 913 F.2d 1375, 1379 (9th Cir.1990).
 
 
 12
 The voire dire testimony indicates that Keller first contacted Sarowitz in 1981 or 1982 to indicate that Keller was interested in acquiring a charter of a small insurance company. Keller made a similar inquiry, this time on behalf of Melinworth, in 1983 or 1984. Acting as a broker, Sarowitz tried to facilitate a sale by bringing together a possible seller and an interested buyer. Keller's claim of privilege therefore must fail. See Abrahams, 905 F.2d at 1283 (party must "introduce evidence that [he] had communicated ... information in confidence and in order to seek legal advice").
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3