IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50746 c/w 99-51105
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GUS LYONS,

                                        Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. A-98-CV-628-SS (A-94-CR-126-4-SS)
---------------------
May 17, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Gus Lyons, federal prisoner # 61209-080, appeals the district court's amended criminal judgment entered on June 10, 1999, and he seeks a certificate of appealability (COA) to appeal the district court's denial of his remaining grounds for relief in his 28 U.S.C. § 2255 proceeding. Lyons' motion to consolidate the two appeals is GRANTED.

Lyons argues that the jury was permitted to return a general verdict as to count one when the indictment presented to the jury included a ground that had been dismissed. According to Lyons,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this caused the jury's verdict to be impermissibly ambiguous, depriving him of due process. He also argues that the district court's attempt to remedy the error by merely removing the reference to the conviction on the dismissed charge from the judgment was ineffective to cure the due process violation.

Lyons' arguments concern a clerical error in the indictment submitted to the jury during deliberations and a clerical error in the judgment. Lyons does not dispute that the transportation in interstate commerce portion of count one, 18 U.S.C. § 2314, was dismissed by the court on the government's motion.

It is apparent from comparing the superseding indictment and the redacted indictment that the reference to § 2314 remaining in the indictment was a clerical error. The jury charge makes no reference to § 2314, and thus the erroneous reference to § 2314 was not submitted to the jury by the court. The district court instructed the jury that the indictment was not evidence of the defendant's guilt. The submission of the incorrect indictment, given the fact that the district court properly charged the jury, did not render the jury verdict ambiguous and did not deprive Lyons of notice of the charges. See United States v. Utz, 886 F.2d 1148, 1149-51 (9th Cir. 1989).

The clerical error in the indictment was carried over to the judgment. Lyons correctly noted in his § 2255 motion that the judgment erroneously stated that he had been convicted of a conspiracy to violate § 2314. The district court granted § 2255 relief and amended the judgment to reflect the offense for which Lyons was actually convicted. Lyons argues that the district

court did not have the authority to do so and that this did not remedy the harm.

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." See United States v. Lopez, 26 F.3d 512, 515 n.5 (5th Cir. 1994).

The inclusion of the reference to a conspiracy to violate § 2314 was a clerical error, and the district court had the authority to correct it. There was no prejudice to Lyons. See United States v. Prince, 868 F.2d 1379, 1385 (5th Cir. 1989) (this court ordered judgment and commitment order reformed to reflect the correct charges). The amended criminal judgment is AFFIRMED.

Lyons argues that he was deprived of notice and due process because counts eleven through fourteen of the redacted indictment charged him as a principal who was aided and abetted by his co-defendants, when the preceding indictment charged all the defendants as aiding and abetting each other.

Altering the indictment to charge Lyons as a principal instead of as an aider and abettor was a technical rather than substantive change. Because aiding and abetting is an alternative means of convicting someone of an underlying crime rather than a separate offense, it is irrelevant whether a defendant is charged as the principal. The aiding and abetting statute, 18 U.S.C. § 2, abolishes the common law distinction

between principals and accessories.  There is no substantive difference between being convicted as a principal or accomplice, and the same evidence supports a conviction as either.  <u>United States v. Sorrells</u>, 145 F.3d 744, 752 (5th Cir. 1998).  Lyons was not prejudiced by the amendment.

Lyons argues that his counsel provided ineffective assistance of counsel by not objecting and allowing the prosecutor to ask witnesses "have you heard" questions.  Lyons does not provide any record cites and provides no citations to legal authorities in support of his argument.  He states that the details are set forth in his memorandum filed in the district court.  Lyons has not adequately briefed this issue, and so we do not consider it.  <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993); <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995); Fed. R. App. P. 28(a)(7) and (9)(A)(1998); 5TH CIR. R. 28.2.3.

Lyons has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Therefore, his request for a COA is DENIED.  AMENDED JUDGMENT AFFIRMED.