UNITED STATES of America,
Plaintiff—Appellee,

v.

Celso NUNEZ–VILLEGAS, a/k/a Celso Nunez Villegas, Defendant—Appellant.

No. 06–50125.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed Feb. 12, 2008.

Becky S. Walker, Esq., Keri Curtis Axel, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant–Appellant.

Before: HALL, GRABER, and BERZON, Circuit Judges.

MEMORANDUM *

Celso Nunez–Villegas appeals his conviction for one count of felon in possession of a firearm, 18 U.S.C. 922(g), and one count

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of possession of an unregistered firearm, 26 U.S.C. § 5861(d). He argues that the district court violated his Sixth Amendment right to confrontation when it gave the jury a copy of his indictment, which alleged that his prior felony conviction was for possession of narcotics for sale. This information about the nature of the conviction was excluded from Nunez–Villegas' stipulation to the fact of the prior felony and was unsupported by evidence at trial. As a result, Nunez–Villegas contends, the jury received improper information that affected its verdict, thus entitling him to a new trial. We disagree and affirm the conviction.

The Sixth Amendment is violated by "[a] jury's exposure to extrinsic evidence" not presented at trial. *Raley v. Ylst,* 470 F.3d 792, 803 (9th Cir.2006). Our circuit has not yet decided whether unsupported allegations in an indictment constitute improper "extrinsic evidence." We need not do so here because, under any standard of review, any error did not contribute to the verdict. *See United States v. Utz,* 886 F.2d 1148, 1151 (9th Cir.1989) (per curiam).

Although the jury's notes indicated that it read the indictment early in its deliberations, the possibility of prejudice evaporates "given the issues and evidence in the case." *Jeffries v. Wood,* 114 F.3d 1484, 1491–92 (9th Cir.1997) (en banc) (listing factors to consider when evaluating prejudice from extrinsic evidence). As to the felon-in-possession charge, Nunez–Villegas' defense failed as a matter of law. The district court's unchallenged instruction concerning possession left no room for Nunez–Villegas' theory that he did not "pos-

sess" the .45 caliber "El Toro" simply because he held it as collateral for a loan. Moreover, Nunez–Villegas' statement to the arresting officer demonstrated that he understood that both the "El Toro" and "the pen" were firearms. And the arresting officers found a variety of firearms-related paraphernalia in Nunez–Villegas' home, including boxes of ammunition, a silencer, and AK–47 magazines. Given this evidence, the jury did not need to know that Nunez–Villegas was a convicted drug dealer to conclude he knew enough about firearms to recognize the pen gun for what it was.

Accordingly, we find no possibility that the indictment affected the jury's verdict on either count.[1]

AFFIRMED.

---

1. In evaluating the possibility of prejudice, we do not consider NunezVillegas' hearsay evidence of jurors' statements to his trial counsel. "Our inquiry is objective rather than subjective; we need not ascertain whether [any] extrinsic evidence *actually* influenced any specific juror." *United States v. Keating,* 147 F.3d 895, 901–02 (9th Cir.1998); *see also* Fed.R.Evid. 606(b) ("Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind....").