**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph McCLELLAND, Defendant-Appellant.**

No. 83–1220.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 1984.

Decided May 1, 1984.

See also, D.C., 571 F.Supp. 759.

N. Patrick Flanagan, Deputy Federal Public Defender, Reno, Nev., for defendant-appellant.

Edward R.J. Kane, Las Vegas, Nev., for plaintiff-appellee.

Before WISDOM,* SKOPIL, and NORRIS, Circuit Judges.

PER CURIAM:

On March 4, 1981, appellant, Reno City Councilman Joseph McClelland, was contacted by an agent of the Federal Bureau of Investigation. The agent presented himself as a representative of Doctors Fiduciary Trust, a fictitious organization composed of Arizona doctors who had pooled their funds to create an investment trust.

A series of subsequent telephone calls and meetings culminated in a meeting at Carson City on March 28, 1981. At this meeting, appellant accepted a check for $3,750 made out to Associated Consultants, Inc., a corporation owned by appellant.

On March 29, 1983, appellant was indicted for attempted interference with commerce by extortion, a violation of 18 U.S.C. § 1951. Appellant was subsequently tried and convicted. He now appeals.

Appellant first of all contends that under 18 U.S.C. § 1951 the government must prove that he acted in some manner to induce the payment he received and that consequently the trial court committed reversible error when it instructed the jury that "[i]t is not necessary for the Government to show that the defendant induced the extortionate payment." We disagree.

Every circuit which has considered whether inducement is an essential element of a section 1951 violation has ruled that it is not. *See, e.g., United States v. Jannotti,* 673 F.2d 578, 594–96 (3d Cir.1982) (en banc), *cert. denied,* 457 U.S. 1106, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982); *United States v. Butler,* 618 F.2d 411, 417–20 (6th Cir.), *cert. denied,* 447 U.S. 927, 100 S.Ct. 3024, 65 L.Ed.2d 1121 (1980); *United States v. Hall,* 536 F.2d 313, 320–21 (10th Cir.), *cert. denied,* 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976); *United States v. Hathaway,* 534 F.2d 386, 393 (1st Cir.), *cert. denied,* 429 U.S. 819, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976); *United States v. Braasch,* 505 F.2d 139, 151 n. 8 (7th Cir.1974), *cert. denied,* 421 U.S. 910, 95 S.Ct. 1561, 43 L.Ed.2d 775 (1975).

The statute is clearly phrased in the disjunctive: "The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, *or* under color of official right." § 1951(b)(2) (Emphasis supplied). Further, a disjunctive reading comports with the historical development of the crime of extortion. The "under color of

* Honorable John Minor Wisdom, Senior Circuit Judge, Fifth Circuit Court of Appeals, sitting by designation.

official right" language reflects the common law definition of extortion, which could be committed only by a public official's corrupt taking of a fee under color of his office and did not require proof of threat, fear, or duress.... The misuse of public office is said to supply the element of coercion.... Threats, fear and duress became express elements only when the crime was later broadened to include actions by private individuals, who had no official power to wield over their victims.

*Hathaway*, 534 F.2d at 393. Thus, we hold that where the defendant is a public official, the government need not show inducement and extortion may be proved by demonstrating nothing more than that the payment in question was obtained "under color of official right." [1]

▪ Appellant argues that even if inducement is not an essential element of a section 1951 violation, the indictment in this case alleged inducement and it was thus error for the trial court to instruct the jury that it was unnecessary to find inducement. Whatever the merit of appellant's characterization of the indictment, a variance between the indictment and the case sent to the jury does not constitute reversible error unless the error prejudiced the defendant's substantial rights. Fed.R.Crim.P. 52(a); *United States v. Mastelotto*, 717 F.2d 1238, 1246 (9th Cir.1983); *United States v. Gordon*, 641 F.2d 1281 (9th Cir.), *cert. denied*, 454 U.S. 859, 102 S.Ct. 312, 70 L.Ed.2d 156 (1981). Appellant makes no specific allegations of prejudice, and no prejudice is apparent. Thus, we must also reject this challenge to appellant's conviction.

▪ Finally, appellant alleges that the trial court's refusal to transfer the case from Reno to Las Vegas deprived him of a fair trial before an impartial tribunal. Appellant, however, points to no evidence of actual prejudice, and the only evidence which appellant presents in support of a claim of presumptive prejudice is the fact that he was "placed on trial before the very people whose trust he allegedly violated." Appellant's Opening Brief at 13. A claim of prejudice based on such flimsy foundations must be rejected.

AFFIRMED.

---

**1.** Appellant contends that whatever the merit of these arguments, we are bound by prior Ninth Circuit precedent. He argues that in *United States v. Gates*, 616 F.2d 1103 (9th Cir.1980), we implicitly held that inducement is an essential element of a section 1951 violation. This is simply not the case. In *Gates*, the court concluded that there was sufficient evidence of inducement and thus never reached the question of whether inducement is an essential element.