**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph B. McCLELLAND,**
**Defendant–Appellant.**

**No. 90–10091.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1991.

Submission Withdrawn May 20, 1991.

Resubmitted Aug. 6, 1991.

Decided Aug. 14, 1991.

Thomas C. Bradley and N. Patrick Flanagan, III, Asst. Federal Public Defenders, Reno, Nev., for defendant-appellant.

Robert A. Bork, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Before HUG and POOLE, Circuit Judges, and ATKINS,* District Judge.

HUG, Circuit Judge:

Appellant Joseph B. McClelland appeals the district court's denial of his petition to have his 1984 extortion conviction set aside. McClelland initiated this action by filing a motion pursuant to 28 U.S.C. § 2255. Because McClelland is no longer in custody, the district court treated his motion as a petition for a writ of error *coram nobis*. McClelland contends the judge in his extortion trial gave an erroneous instruction to the jury and that this constitutes fundamental error necessitating a reversal of his conviction.

---

* Honorable C. Clyde Atkins, Senior United States District Judge for the Southern District of Florida, sitting by designation.

1. The panel is aware of the Supreme Court's decision in *McCormick v. United States,* —— U.S. ——, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991) (campaign contributions can amount to extortion under the Hobbs Act only if payments are made in return for an explicit promise or undertaking by the official to perform or not to perform an official act).

## FACTS

McClelland was convicted of Attempted Interference with Commerce by Extortion, in violation of the Hobbs Act, 18 U.S.C. § 1951(a), following an FBI sting operation. At trial, over defense objection, the court instructed the jury that the Government was not required to show that McClelland induced a government agent named Rybar to make an improper payment to him because of his official position. This ruling was affirmed on appeal. *See United States v. McClelland,* 731 F.2d 1438 (9th Cir.1984), *cert. denied,* 472 U.S. 1010, 105 S.Ct. 2708, 86 L.Ed.2d 723 (1985), *overruled by United States v. Aguon,* 851 F.2d 1158 (9th Cir.1988) (en banc).

In 1988, however, we held in an *en banc* decision that inducement is an essential element of extortion. *See United States v. Aguon (Aguon II),* 851 F.2d 1158, 1166 (9th Cir.1988) (en banc). We noted that this was contrary to our prior panel decision in *McClelland* and therefore overruled that decision. *Id.* at 1160. Based on *Aguon II,* McClelland petitioned the district court to overturn its decision in his case. The district court found that the proceedings in McClelland's extortion trial did not constitute fundamental error. 732 F.Supp. 1534. Thus, it did not vacate the conviction. We now hold that our decision in *Aguon II,* finding that inducement is an essential element of extortion, is fully retroactive and failure to properly instruct the jury on this required element constitutes fundamental error.[1] Accordingly, we reverse the district court's judgment in this case and remand the case to that court with direction to issue the writ of error *coram nobis.*

---

We do not reach the question of whether *McCormick* would require an explicit promise in the circumstances of this case because our holding is based on the failure to instruct that inducement of the payment by McClelland was a necessary element of the offense. The issue in this case is how the transaction was originated. The issue in *McCormick* is the nature of the bargain struck.

## DISCUSSION

█ Initially, we are concerned with the retroactivity of our substantive decision in *Aguon II* concerning the reach of a federal statute. In order to resolve this question, we look to the reasoning of this circuit, and others, under the line of cases following the Supreme Court's decision in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), in which the Court held that schemes to defraud citizens of their intangible right to good government were not punishable under the mail fraud statute, 18 U.S.C. § 1341. Convictions in this circuit and others had frequently been upheld under that theory.

In *United States v. Mitchell*, 867 F.2d 1232 (9th Cir.1989) (per curiam), we held that *McNally* was fully retroactive, and thereby reversed the district court's denial of the defendant's petition for collateral relief pursuant to 28 U.S.C. § 2255. In so doing, we expressly adopted the reasoning of the Second and Tenth Circuits on this issue of retroactivity. *Mitchell*, 867 F.2d at 1233 (citing *United States v. Shelton*, 848 F.2d 1485, 1488–90 (10th Cir.1988) (en banc), *Ingber v. Enzor*, 841 F.2d 450, 453–54 (2d Cir.1988)). *See also id.* (citing *United States v. Mandel*, 862 F.2d 1067, 1074–75 (4th Cir.1988) (granting writ of error *coram nobis* based on retroactive application of *McNally*), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3190, 105 L.Ed.2d 699 (1989); *Magnuson v. United States*, 861 F.2d 166, 167 (7th Cir.1988) (applying *McNally* retroactively based on *Shelton* and *Ingber*)).

Both the *Shelton* and *Ingber* courts, in the context of a section 2255 habeas corpus proceeding, held that the change in circuit law brought about by *McNally* should be fully retroactive. *See Shelton*, 848 F.2d at 1488–90; *Ingber*, 841 F.2d at 453–55. Those courts distinguished the applicability of retroactivity in the situation presented to them—the retroactive application of a substantive non-constitutional decision concerning the reach of a federal statute—from the situation that gives rise to the analysis set forth in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)—retroactive application of new rules of criminal procedure. *See Shelton*, 848 F.2d at 1489; *Ingber*, 841 F.2d at 454 n. 1.

These circuits relied, in part, on the Supreme Court's ruling in *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), where the Court addressed whether a federal prisoner could assert, in a section 2255 motion, a change in circuit court law occurring after his conviction was affirmed. While the Court determined that a defendant may be denied the benefit of a new rule of law on collateral attack of his conviction if the rule is announced and he fails to raise it before his direct appeals are exhausted,[2] *see Davis*, 417 U.S. at 345, 94 S.Ct. at 2304, a defendant who had been convicted and punished for an act the law did not make criminal was entitled to challenge the conviction to avoid "a complete miscarriage of justice." *Id.* at 346–47, 94 S.Ct. at 2305. *See also United States v. Johnson*, 457 U.S. 537, 550, 102 S.Ct. 2579, 2587, 73 L.Ed.2d 202 (1982) ("[F]ull retroactivity [is] a necessary adjunct to a ruling that a trial court lacked authority to convict or punish a criminal defendant in the first place."), *Strauss v. United States*, 516 F.2d 980, 983 (7th Cir. 1975) ("A statute does not mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards.... [T]he prior interpretation is, and always was, invalid.") (citations and internal quotations omitted).

We find the analysis set forth by the Second and Tenth Circuits in *Ingber* and *Shelton*, and adopted by this circuit in *Mitchell*, to be equally applicable and dispositive of the question of the retroactivity of our holding in *Aguon II*. Therefore, we hold that *Aguon II* is fully retroactive, including in the context of a section 2255 proceeding.

The question remains whether the change in circuit law has retroactive application in the context of *coram nobis*. In

---

**2.** We note that McClelland challenged the district court's instruction to the jury that the Government was not required to prove induce-

ment at every juncture of his proceedings—both on direct appeal and in his request for collateral relief.

*United States v. Walgren,* 885 F.2d 1417 (9th Cir.1989), we held that "[t]here being no principled basis for distinction [between habeas corpus and *coram nobis*] ... *McNally* is fully retroactive in *coram nobis* proceedings." *Id.* at 1421. *Accord Mandel,* 862 F.2d at 1067. We agree with and are bound by the court's holding in *Walgren;* therefore, we hold that our decision in *Aguon II* has retroactive application to McClelland's case provided *coram nobis* relief is otherwise available to McClelland.

The Supreme Court in *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), held that *coram nobis* relief is available under certain circumstances to challenge the validity of a conviction even though the defendant is no longer in custody and the sentence has been fully served. *Id.* at 512–13, 74 S.Ct. at 253–54. We recently considered four requirements that must be fulfilled to qualify for *coram nobis* relief. *See Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir.1987). These are as follows: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.* (Footnote omitted).

■ The Government concedes the existence of the first three factors, thus the issue on appeal is the fourth factor—whether the error in this case is of the most fundamental character. Specifically, does this change in circuit law, occurring subsequent to McClelland's conviction and relating to the requirement of "inducement," justify the collateral relief of *coram nobis?*

In *United States v. McClelland,* we held that "inducement" need not be proven in an extortion conviction when property obtained from another by a public official was obtained "under color of official right." 731 F.2d at 1440. Subsequently, an *en banc* panel of this court expressly overruled *McClelland* when it concluded that proof of "inducement" is a prerequisite to

conviction for extortion. *Aguon II,* 851 F.2d at 1160.

We acknowledge that the indictment in this case properly states an offense under which McClelland could presently be convicted. Moreover, we recognize that the Government arguably produced evidence at trial from which a reasonable jury could have properly concluded that inducement was present in this case. Nonetheless, the manner in which the jury considers the case is the critical focus for our analysis.

Here, the district court instructed the jury that inducement was not an essential element of McClelland's crime and, as such, the Government was not required to prove inducement at trial. Significantly, during closing argument the Government stressed that proof of inducement was not required. Specifically, the prosecution stated that:

The Judge will shortly be instructing you that the law is exactly the opposite. The Judge will instruct you that, it is no defense to a charge of attempted extortion under color of official right that the payments sought from the victim were to be made voluntarily.

It is not necessary for the Government to show that the defendant induced the extortion of payment. The Government is required to prove that a public official obtained money to which he was not entitled and which he obtained only because of his official position.

So when you were told by the defense that Steven Rybar had to induce this payment, you were incorrectly informed as to the law.

The Judge will correctly instruct you that it doesn't matter who induces the payment; if a public official obtains money that he's not entitled to simply because he's a public official, that's the offense we're talking about, not who induced whom.

But the fact is that the Government did not have to prove a demand by Councilman McClelland to sustain its burden in this matter.

As I previously told you, the Government, the Court rather, will instruct you based on the elements of this offense and

based on the lack of necessity for the Government proving inducement, and I'll read you that brief section just one more time:

> It is not necessary for the Government to show that the defendant induced the extortionate payment. The Government is required to prove that a public official obtained money or property to which he was not entitled and which he obtained only because of his official position.

And what the law says and what the judge will instruct you is that we're not interested in prosecuting only the heavy handed politicians that come out and demand money; justice is equally interested in politicians who simply accept money but who accept money in betrayal of that public trust which people like you give to them.

(Internal quotations omitted).

The Supreme Court has explicitly held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). *See Hennessy v. Goldsmith*, 929 F.2d 511, 514 (9th Cir.1991) ("Failure to properly instruct the jury regarding an element of the charged crime is a constitutional error that deprives the defendant of due process. . . ."). In McClelland's case, the instruction by the court relieved the prosecution from its burden of proving an essential element of the offense; namely, the Government was relieved of its burden to prove inducement. Clearly, the requirement that the Government prove beyond a reasonable doubt every element of the charged offense is of

the most fundamental nature. If the Government is permitted to sidestep this requirement, the error is a fundamental one and justifies the collateral relief of *coram nobis*.[3] Accordingly, we reverse the district court's judgment in this case and remand the case to that court with directions to issue the writ of error *coram nobis*.

REVERSED and REMANDED.

---

3. In this case, as in *Walgren*, the Government relies upon *United States v. Keane*, 852 F.2d 199 (7th Cir.1988), *cert. denied*, 490 U.S. 1084, 109 S.Ct. 2109, 104 L.Ed.2d 670 (1989), for the proposition that the change in circuit law should not be applied retroactively. *See Walgren*, 885 F.2d at 1421 n. 3. The *Walgren* court stated that the Government's reliance on *Keane* was misplaced because, although the court declined to grant *coram nobis* relief, it recognized that *McNally* should be applied retroactively. *Id.*

Here, in promoting *Keane* as the prudent course for this circuit to follow in McClelland's

case, the Government stresses the fact that McClelland's indictment does state an offense. As discussed, to allow the district court to instruct the jury that inducement is *not* an essential element of the crime, thereby permitting the Government to sidestep this requirement, is fundamental error that cannot be cured by the indictment. The indictment, as translated to the jury, did not include the requirement of inducement; therefore, we again find the Government's reliance on *Keane* misplaced.