17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael L. MONTALVO, Defendant-Appellant.
 No. 93-50089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Montalvo appeals pro se the district court's dismissal of his petition for a writ of error coram nobis challenging his conviction for passport fraud, in violation of 18 U.S.C. Sec. 1542. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir.1989), and affirm.
 
 
 3
 Pursuant to the All Writs Act, 28 U.S.C. Sec. 1651(a), coram nobis relief is available to vacate a conviction for a petitioner who has fully served his sentence, but suffers from the lingering collateral consequences of an unconstitutional or unlawful conviction. Id. at 1421; Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987). Coram nobis is an extraordinary writ which will issue only where circumstances compel such action to achieve justice. See Hirabayashi, 828 F.2d at 604. The petitioner must demonstrate four factors: (1) a more usual remedy is not available; (2) valid reasons exist for not having attacked the conviction earlier; (3) sufficient adverse consequences exist from the conviction to avoid mootness; and (4) the error is of the most fundamental character. United States v. McClelland, 941 F.2d 999, 1002 (9th Cir.1991); Walgren, 885 F.2d at 1420; Hirabayashi, 828 F.2d at 604.
 
 
 4
 Here, Montalvo was convicted of passport fraud in 1987, and sentenced to three years imprisonment. Montalvo claims that the government withheld evidence relating to an allegedly unlawful search and seizure. Montalvo raised this claim and other related claims in a motion to vacate his sentence under 28 U.S.C. Sec. 2255, which was denied by the district court in 1989. This court affirmed the denial of the 2255 motion in a previous appeal. See Montalvo v. United States, No. 89-55286, unpublished memorandum disposition (9th Cir. Mar. 25, 1991).
 
 
 5
 Montalvo fails to satisfy the first and fourth factors for coram nobis relief. He has not shown a more usual remedy is not available. Here, the more usual remedy would be a 2255 motion, which Montalvo has already filed. Montalvo raises the same claims previously raised in his 2255 motion, as well as additional claims relating to the same conviction. Had Montalvo brought a second 2255 motion it would have been barred as successive. See Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992) ("when a federal prisoner presents a claim in a Sec. 2255 petition that he presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that he is abusing the writ"). Montalvo also fails to show error of "the most fundamental character." Given Montalvo's failure to establish that he meets these conditions for coram nobis relief, we do not consider the substantive issues raised in his petition. See McClelland, 941 F.2d at 1002; Walgren, 885 F.2d at 1420; Hirabayashi, 828 F.2d at 604.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3