141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Alton Clark BINGHAM, Defendant-Appellant.
 No. 97-10189.
D.C. No. CR-89-00160-1-PMP.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Former federal prisoner Alton Clark Bingham appeals pro se the district court's denial of his petition for a writ of error coram nobis. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, see United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir.1989), and affirm.
 
 
 3
 Coram nobis is an extraordinary writ which will issue only if the petitioner demonstrates four factors: (1) a more usual remedy is not available; (2) valid reasons exist for not having attacked the conviction earlier; (3) sufficient adverse consequences exist from the conviction to avoid mootness; and (4) the error is of the most fundamental character. See United States v. McClelland, 941 F.2d 999, 1002 (9th Cir.1991).
 
 
 4
 Bingham contends that: (1) he was improperly charged and convicted on Counts 2 through 13 as an aider and abettor, and the jury was not instructed on aiding and abetting; (2) his separate convictions for uttering and delivering the same United States Treasury checks under 18 U.S.C. § 510(a) and (b) violates double jeopardy; (3) he was not brought to trial within seventy days of his first appearance in violation of the Speedy Trial Act, 18 U.S.C. § 3161; and (4) his trial and appellate attorneys provided ineffective assistance of counsel by failing to raise any of the issues contained in his petition. Because Bingham fails to demonstrate that valid reasons exist for not having raised these claims earlier on direct appeal, in his Rule 35(a) motion, or in a motion under 28 U.S .C. § 2255,[1] all of the claims fail to satisfy the second factor necessary to warrant coram nobis relief. See McClelland, 941 F.2d at 1002.
 
 
 5
 Bingham next contends that the writ should issue because the district court violated his right to have the jury decide materiality, an essential element of his conviction for making and subscribing to a false income tax return in violation of 26 U.S.C. § 7206(1). Cf. United States v. Uchimura, 125 F.3d 1282, 1283 (9th Cir.1997) (holding materiality is essential element of 26 U.S.C. § 7206(1)). Because materiality was properly submitted to and decided by the jury, the claim fails to satisfy the fourth factor necessary to warrant coram nobis relief. See McClelland, 941 F.2d at 1002.
 
 
 6
 Bingham also contends that the district court abused its discretion by denying his petition without conducting an evidentiary hearing. This contention lacks merit because the record conclusively shows that Bingham is not entitled to the relief he seeks. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Bingham attempted to raise the aiding and abetting claim in his Rule 35(a) motion on this court's limited remand for newly discovered evidence. While the district court denied the claim on the merits, on appeal we dismissed the claim because the district court lacked jurisdiction to address it under the limited remand. See United States v. Bingham, Nos. 93-10615, 94-10217 (9th Cir. Nov.10, 1994) (unpublished memorandum opinion)