**Robert MARTINEZ, aka Bobby Mielkie, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

No. 00–15910.

D.C. No. CR–86–01342–ACK.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2001.*

Decided June 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, LAY ** and BOOCHEVER, Circuit Judges.

### MEMORANDUM ***

Robert Martinez appeals pro se the district court's denial of his petition for a writ of error *coram nobis,* challenging his 1986 drug conviction based on a violation of the Speedy Trial Act. *See* 18 U.S.C. § 3161(e). We affirm.

On April 9, 1991, this court reversed Martinez's 1986 drug conviction. *See United States v. Martinez,* 928 F.2d 1470, 1471 (9th Cir.1991). However, the mandate issued by this court on February 24, 1992 erroneously affirmed the conviction. The district court declined to set a new trial date because the February 24, 1992 mandate did not reverse Martinez's conviction and authorize a new trial. On November 12, 1992, this court issued an amended mandate reversing Martinez's conviction and remanding to the district court.

Martinez subsequently filed a motion to dismiss his indictment based on a violation of the Speedy Trial Act. Martinez claimed that the Speedy Trial Act was violated because he did not receive a retrial within seventy days of the Ninth Circuit's original mandate affirming his 1986 drug conviction. The district court denied his motion, holding that the issuance date of the Ninth Circuit's amended mandate was the correct starting date for the seventy day period under the Speedy Trial Act. *See United States v. Cote,* 51 F.3d 178, 181–82 (9th

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Cir.1995) (explaining that a district court may not entertain proceedings inconsistent with a mandate). Martinez did not appeal the court's denial of his motion to dismiss. On January 18, 2000, approximately seven years later, Martinez filed a writ of error *coram nobis* with the district court and contested his 1986 conviction based on the same Speedy Trial Act violation. The district court denied Martinez's *coram nobis* petition, finding that Martinez failed to state valid reasons for not attacking his conviction earlier.

■■■ We review de novo a district court's denial of a *coram nobis* petition. *See Estate of McKinney By and Through McKinney v. United States,* 71 F.3d 779, 781 (9th Cir.1995). The writ of error *coram nobis* affords a petitioner a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody. *Telink, Inc. v. United States,* 24 F.3d 42, 45 (9th Cir.1994). We have held that to qualify for *coram nobis* relief four requirements must be satisfied. Those requirements are "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. McClelland,* 941 F.2d 999, 1002 (9th Cir.1991) (citation omitted).

■■ ·Martinez contends that the district court erred by denying his *coram nobis* petition because he had valid reasons for not attacking his conviction earlier. Martinez argues that the delay in attacking his conviction is justified based on his medical problems and ineffective assistance of counsel. We find these arguments unpersuasive. While Martinez did experience a number of medical ailments, we find none of the ailments prevented him from contesting his conviction at an earlier time. We also find no support for Martinez's claim of ineffective assistance of counsel.

Martinez had a number of opportunities to seek relief prior to his *coram nobis* petition. Initially, Martinez could have appealed the district court's denial of his motion to dismiss based on a Speedy Trial Act violation. Martinez also could have filed a motion to vacate pursuant to 28 U.S.C. § 2255. Finally, when Martinez was sentenced in a subsequent drug conviction, the Government relied on his 1986 drug conviction to sentence him to life. At that time, Martinez could have contested his 1986 drug conviction, but instead he contested a different drug conviction.

Martinez failed to appeal his 1986 conviction directly or pursue a number of other avenues to contest the conviction. Because Martinez presented no valid reasons for failing to attack his conviction earlier, he does not qualify for *coram nobis* relief. See *McClelland,* 941 F.2d at 1002. As such, we affirm the district court.[1]

AFFIRMED.

---

1. On appeal, Martinez also argues that the Speedy Trial Act was violated by the Ninth Circuit's delay in issuing the proper mandate in the appeal of his 1986 drug conviction. Because Martinez does not qualify for *coram nobis* relief, there is no reason to address his Speedy Trial Act claim.