UNITED STATES of America,
Plaintiff–Appellee,

v.

Jimmy HUNG, a.k.a. Jimmy Horng,
Defendant–Appellant.

No. 00–50748.

D.C. No. CR–98–00892–CAS–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 18, 2002.

Decided Sept. 6, 2002.

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge, and ZILLY, District Judge.*

## MEMORANDUM **

Jimmy Hung ("Hung") appeals his conviction and sentence for one count of conspiracy to commit a robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Hung waived a jury trial and only challenged the jurisdictional element of the Hobbs Act during a trial before the district court. Hung was convicted on both counts. Hung argues on appeal that the government failed to prove the element of "affecting interstate commerce" required for Hobbs Act jurisdiction in light of our decision in *United States v. Lynch*, 282 F.3d 1049, 1051 (9th Cir.2002), decided after the trial in this case.

In *Lynch*, we adopted a test formulated by the Fifth Circuit that restricts Hobbs Act jurisdiction over crimes against an individual to those criminal activities where:

> (1) the acts deplete the assets of an individual who is directly and customarily engaged in interstate commerce; (2) ... the acts cause or create the likelihood that the individual will deplete the assets of an entity engaged in interstate commerce; or (3) ... the number of individuals victimized or the sum at stake is so large that there will be some

cumulative effect on interstate commerce.

*Id.* at 1053 (quoting *United States v. Collins*, 40 F.3d 95, 100 (5th Cir.1994)). This test is disjunctive. *See United States v. Diaz*, 248 F.3d 1065, 1085 (11th Cir.2001).

Although the trial court did not have the benefit of *Lynch*, the government did address *Lynch* at oral argument. We conclude that the government did not present sufficient evidence at trial to prove a nexus between interstate commerce and Hung's conduct sufficient to support Hobbs Act jurisdiction under any of the three prongs of the *Lynch* test. Because jurisdiction for the firearms charge is dependent upon jurisdiction under the Hobbs Act, the court did not have jurisdiction over the Hobbs Act crime or the firearms conviction.

REVERSED with instructions to dismiss for lack of jurisdiction.

SCHROEDER, Chief Judge, dissenting.

I respectfully dissent because in my view the record contains evidence not materially distinguishable from evidence we found sufficient to support Hobbs Act jurisdiction in *United States v. Atcheson*, 94 F.3d 1237, 1243 (9th Cir.1996).

---

* Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.