**Dominic ALESSIO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 06–56196.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2007.

Filed June 19, 2007.

David Elson, Esq., Manatt Phelps & Phillips, LLP, Los Angeles, CA, for Petitioner–Appellant.

Anne M. Voigts, AUSA, USLA–Office of the U.S. Attorney, Criminal Division, Dorothy A. Schouten, Esq., USLA–Office of

---

the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Respondent–Appellee.

Before: THOMAS, FISHER and GOULD, Circuit Judges.

## MEMORANDUM *

Petitioner Dominic Alessio appeals the magistrate judge's order denying his petition for writ of error coram nobis. We review the dismissal of Alessio's petition de novo, *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir.2005), and we affirm.

"Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character." *Matus–Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (italics omitted). Although writs of coram nobis may be used to correct "egregious" errors of law, *Kwan*, 407 F.3d at 1010, the Supreme Court has cautioned that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (internal quotation marks and italics omitted).

■ Alessio argues that in light of *United States v. Sun–Diamond Growers of California*, 526 U.S. 398, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999), his 1973 conviction for violating the federal illegal gratuity statute, 18 U.S.C. § 201(f), by giving things of value to Anthony Santiago—camp administrator at the Lompoc Federal Prison Camp where Alessio's father was serving a sentence—should be vacated because the jury may have convicted him merely for giving a gratuity because of Santiago's status or position.[1] We conclude that because the district court's jury instructions tracked the text of then-§ 201(f), and did not "place[ ] an expansive gloss on that statutory language," *Sun–Diamond Growers*, 526 U.S. at 403, 119 S.Ct. 1402 there was no fundamental instructional error.

■ As the government concedes, it advanced a flawed interpretation of the illegal gratuity statute during closing argument by contending that Alessio was guilty even if he gave gifts "only as a tip or gratuity because Santiago was directing his father's imprisonment." But unlike the cases upon which Alessio relies, the district court did not give jury instructions that sanctioned the government's erroneous interpretation. *See Sun–Diamond Growers*, 526 U.S. at 403, 119 S.Ct. 1402; *United States v. McClelland*, 941 F.2d 999, 1000 (9th Cir.1991); *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir.1989). To the contrary, the court's instructions comported with the later holding of *Sun–Diamond Growers* by requiring that the jury find Alessio "had in mind giving additional compensation *for or because of some official* act to be performed by Anthony Santiago." (Emphasis added).[2] Accordingly, whatever error occurred, it was not

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The illegal gratuity provision has since been recodified at 18 U.S.C. § 201(c).

2. This case is also distinguishable from *Sun–Diamond Growers*, 526 U.S. at 402, 119 S.Ct.

1402 because the indictment properly linked the gratuities to particular acts by alleging that "DOMINIC ALES SIO did unlawfully give items of value ... to ANTHONY SANTIAGO, for or because of official acts to be performed by and to be performed by ANTHONY SANTIAGO."

so substantial as to justify the extraordinary remedy of coram nobis relief.

**AFFIRMED.**