**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-56442 |
| Plaintiff - Appellee, | D.C. Nos. 2:12-cv-00869-CAS |
| v. | 2:98-cr-00892-CAS-4 |
| JAIME DOCHERTY PRICE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 21, 2014
Pasadena, California

Before: KLEINFELD and PAEZ, Circuit Judges, and CHRISTENSEN, Chief District Judge.[**]

Jaime Docherty Price pled guilty in October 1998 to two counts relating to a robbery of the owner of a restaurant engaged in interstate commerce. Count One alleged a violation of the Hobbs Act, 18 U.S.C. § 1951, and Count Two alleged the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

use of a firearm in the commission of the Hobbs Act robbery in violation of 18 U.S.C. § 924(c). Price was one of several defendants named in the indictment. Price served 101 months in prison and three years under supervised release, but continues to owe restitution and face collateral consequences from his conviction. Price filed a petition for writ of error coram nobis in federal district court, which the district court denied. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Price argues that the district court erred in concluding that his guilty plea barred this collateral attack on his conviction. This argument is without merit. "As a general rule, a defendant who enters a voluntary and intelligent guilty plea 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1005 (9th Cir. 2000) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). "Although a guilty plea generally waives all claims of constitutional violation occurring before the plea, 'jurisdictional' claims are an exception to this rule." *United States v. Caperell*, 938 F.2d 975, 977 (9th Cir. 1991). Still, "[j]urisdiction arises by operation of law when certain facts alleged in the indictment are proved, whether by guilty plea, by judgment, or by jury verdict."

*United States v. Mathews*, 833 F.2d 161, 164 (9th Cir. 1987), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976, 986 (9th Cir. 2012) (en banc).

**2.** The general rule, not the exception, applies to Price's petition. By pleading guilty, one may "admit[] even those factual allegations in the indictment that form the predicate for federal jurisdiction." *Id.*; *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971) (per curiam). Price attempts to rely on the fact that the government at a codefendant's trial presented insufficient evidence to prove the jurisdictional element of each count, *see United States v. Hung*, 45 Fed. App'x. 793, 794 (9th Cir. 2002), and that the government later dismissed charges against two other codefendants. But these events did not undermine the district court's jurisdiction to convict Price. Price, unlike those codefendants, pled guilty to both counts and his guilty plea established the factual basis for the district court's jurisdiction. *See Mathews*, 833 F.2d at 164. Moreover, Price's petition relates only to the factual basis for the elements of the charged offense, not to the power of the district court. *See Garcia-Valenzuela*, 232 F.3d at 1007; *see also United States v. Ratigan*, 351 F.3d 957, 962–63 (9th Cir. 2003) ("[C]ourts have consistently determined that the jurisdictional element of federal crimes does not present a pure question of the court's subject-matter jurisdiction."). Therefore, Price fails to allege a claim sufficient to except his petition from the general rule

3

barring collateral attacks on voluntary and intelligent guilty pleas. For this reason, the district court properly denied Price's petition.

**3.** Alternatively, Price argues that fundamental error warranting coram nobis relief arose from his conviction on the basis of his guilty plea when one codefendant had his conviction vacated on appeal and two other codefendants' charges were dismissed by the government. We need not issue a certificate of appealability to consider this ground for relief. *See United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). But this argument also is without merit.

**4.** "[T]he writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007); *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

Price cannot show fundamental error. Price attempts to rely on the results in his codefendants' cases, but the bases for relief in those cases were fact-specific. *See Hung*, 45 Fed. App'x. at 794. When Price pled guilty to the factual allegations in his indictment he relieved the government of its burden to prove those factual allegations. *See United States v. McClelland*, 941 F.2d 999, 1002–03 (9th Cir.

4

1991).  Therefore, Price fails to show the type of fundamental error we require to grant coram nobis relief.

**AFFIRMED.**