NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIPE GARCIA, AKA Phillip Garcia,

Defendant - Appellant.

No. 24-967

D.C. No.
2:99-cr-00699-RGK-3

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 19, 2025
Pasadena, California

Before: HIGGINSON, BENNETT, and SUNG, Circuit Judges.[**]

Defendant-Appellant Felipe Garcia, a native and citizen of Mexico, appeals

the district court's denial of his petition for writ of coram nobis. We have

jurisdiction under 28 U.S.C. § 1291 and we affirm.

Garcia, while a lawful permanent resident, pleaded guilty to conspiracy to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

commit access device fraud in 2000.  In 2014, the United States Citizenship and Immigration Services initiated removal proceedings because Garcia's 2000 conviction is an aggravated felony.  In 2017, Garcia's immigration counsel Arthur Avazian filed a coram nobis petition on his behalf, alleging ineffective assistance of counsel by Garcia's criminal defense counsel for misadvising him, or failing to advise him, regarding the immigration consequences of his felony guilty plea in 2000.  The district court denied the petition, and Garcia did not appeal.

In 2023, Garcia's new criminal defense attorney filed a second coram nobis petition on his behalf, again arguing that his counsel in 2000 had affirmatively misadvised him regarding the immigration consequences of his guilty plea.  A newly assigned district judge denied Garcia's second coram nobis petition on multiple independent bases, holding: (1) that Garcia failed to demonstrate valid reasons for his delay in filing the petition; (2) that Garcia was abusing the writ by raising the same claims he made or could have made in his prior coram nobis petition; and (3) that Garcia failed to demonstrate fundamental error.  Garcia contends that his delay was reasonable because he was acting pursuant to his counsel's legal advice.  He also argues that a successive petition should not be rejected as an abuse of the writ where it is "necessary to achieve justice." Specifically, Garcia argues he has presented sufficient evidence here to corroborate his claim that his original criminal defense counsel misadvised him about the

24-967

immigration consequences of his guilty plea, thereby inducing him to take a plea deal that he would have rejected had he been correctly advised.

"A district court's denial of a petition for a writ of error coram nobis is reviewed de novo." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007).[1] We review any findings of fact underlying the district court's decision for clear error. *Hirabayashi v. United States*, 828 F.2d 591, 594 (9th Cir. 1987).

There are four requirements for coram nobis relief: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. McClelland*, 941 F.2d 999, 1002 (9th Cir. 1991) (citation omitted). We agree with the district court that Garcia has failed to meet the second requirement, and that failure is fatal to his petition.

Although a "coram nobis petition is not subject to a specific limitations period[,] . . . petitioners are entitled to this relief only if they can 'provide valid or sound reasons explaining why they did not attack their sentences or convictions

---

[1] A district court's denial of a coram nobis petition due to the affirmative defense of abuse of the writ is reviewed for abuse of discretion. *See Campbell v. Blodgett*, 997 F.2d 512, 516 (9th Cir. 1992); *Sanders v. United States*, 373 U.S. 1, 10–11 (1963) ("[T]he burden is on the Government to plead abuse of the writ."). But we do not reach that ground because Garcia's failure to demonstrate valid or sound reasons for his delay in filing the second coram nobis petition is dispositive.

earlier.'" *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020) (quoting *United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010)). "[W]here petitioners reasonably could have asserted the basis for their coram nobis petition earlier, they have no valid justification for delaying pursuit of that claim." *Id.* (citing *Riedl*, 496 F.3d at 1006). If, on the other hand, "petitioners did not have a reasonable chance to pursue their claim earlier due to the specific circumstances they faced, delay during the time when such circumstances existed may be justified." *Id.*

Here, the district court articulated two concerning periods of delay: first, the period between August 2017, when the prior district judge denied the first petition, and June 2019, when Garcia began pursuing alternate immigration remedies; and second, the period between September 2021, when Garcia hired his current immigration counsel, and August 2023, when he filed his second petition. Garcia contends that his delay should be excused because it was "due solely" to Avazian's "erroneous" advice in connection with Garcia's first coram nobis petition.

"[T]he burden of proof is on the petitioner to offer valid reasons for the delay." *Riedl*, 496 F.3d at 1008. Even assuming Avazian's purported missteps in connection with the first coram nobis petition were a valid reason for the entire first period of delay, that does not explain the second period of delay (between September 2021 and August 2023). Neither Avazian's purported errors nor his

4

eventual efforts in 2019 to pursue alternate immigration remedies on Garcia's behalf explain this substantial delay. In *Kroytor*, we held that the petitioner's delay between first learning that his only hope to avoid deportation was to vacate his conviction and his filing of his coram nobis petition approximately two years later was fatal to his petition because his stated reason for the delay, uncertainty about the law, was not a valid or sound reason. *Kroytor*, 977 F.3d at 962; *see also Riedl*, 496 F.3d at 1007 (difficulty of litigating from abroad was not a valid or sound reason justifying 20-month delay between deportation and filing of coram nobis petition). We see no meaningful way to distinguish Garcia's nearly two-year delay from these binding precedents.

Garcia likens his case to *Kwan*, but that case did not involve a comparable period of unexplained delay. In *Kwan*, we held that the petitioner had demonstrated valid reasons for his delay in filing his first and only coram nobis petition given that he had spent the time diligently pursuing immigration remedies based on his counsel's assurances of likely success. 407 F.3d at 1013–14. In contrast, Garcia acknowledges in his briefing before this court that "it cannot be said that [he] reasonably believed he had a defense in the removal proceedings," and the substantial period of delay cannot be explained by Avazian's purportedly erroneous advice. *See Kroytor*, 977 F.3d at 961 ("[W]here petitioners reasonably could have asserted the basis for their coram nobis petition earlier, they have no

5                                                                        24-967

valid justification for delaying pursuit of that claim.").

Garcia's failure to demonstrate valid reasons for the delay in filing his second coram nobis petition is dispositive. We need not reach the district court's alternative grounds for dismissal.

**AFFIRMED.**